Córdova Arone, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El Municipio de Ponce recurre de una orden del Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Ponce (Hon. Hermán Lugo del Toro, J.), del 11 de mayo de 1995. En la mencionada orden se declaró sin lugar una solicitud para que se dictara sentencia sumaria y se desestimara la demanda contra el municipio. Se revoca la orden recurrida, no sin antes hacer un recuento de los hechos que dieron margen al presente pleito y el estado de derecho aplicable a los mismos.
I
Los hechos del presente recurso tienen su origen para el año 1989. Los demandantes-recurridos en el caso de epígrafe, Sr. Miguel de Hoyos Acevedo y su señora esposa Justina Rivera Serrano vivían en *1276 el Residencial Las Delicias de Ponce, Puerto Rico. Durante ese año, la entonces administradora del residencial, comenzó a repartir entre los residentes del lugar unas hojas sueltas donde se promocionaba la celebración de un sorteo en el cual participarían las personas que tuvieran las rentas al día. Como premio a la familia ganadora se le daría un solar, una casa "Mi Estilo" y la instalación de la casa en el solar.
La hoja suelta distribuida en el residencial establecía lo siguiente:

"Si estás al día con tus pagos de vivienda... ¡PUEDES GANARTE UNA CASA! Pagar a tiempo tiene sus recompensas. Este año, el Departamento de la Vivienda de Puerto Rico sorteará una casa de madera con solar, entre los residentes de los residenciales de la Región de Ponce que tengan sus pagos de vivienda al día.

Una casa de madera 2 cuartos, 1 baño, sala, comedor y cocina Donada por CASAS MI ESTILO

Un solar Donado por el MUNICIPIO DE PONCE

Instalación de la casa Donada por el programa PONCE EN MARCHA

ÍTE ESPERAMOS EN EL SORTEO! Domingo, 1ro de octubre

De 10:00 A.M.-12:00 P.M. Estadio Paquito Montaner, Ponce

DEPARTAMENTO DE LA VIVIENDA"

El sorteo no se llevó a cabo en la fecha inicialmente pautada debido al paso del Huracán Hugo por la Isla, celebrándose posteriormente en el mes de noviembre-de 1995, en las facilidades del Estadio Paquito Montaner de Ponce. En dicha actividad estuvo presente el Alcalde del Municipio de Ponce, Sr. Rafael Cordero Santiago; el Sr. José Martínez, Presidente de "Casas Mi Estilo"; el Sr. José Hernández Rivera, Director Regional de la Administración de Vivienda; la Sra. Sandra Rodríguez Pagani, Administradora de la Vivienda Pública y la Sra. Vidia García Gómez, Secretaria del Departamento de la Vivienda.
La familia De Hoyos Rivera resultó ganadora en el sorteo celebrado. El premio fue aceptado por la hija del matrimonio agraciado, Sra. Eladia de Hoyos Rivera. En ese momento recibió de manos del Presidente de "Casas Mi Estilo" un documento en el cual se certificaba que había ganado la casa. Alegadamente, el Sr. Hernández Rivera le comunicó que tenía que coordinar con el programa "Ponce en Marcha" la entrega de la casa para instalarla en el solar donado por el Municipio de Ponce.
Al día siguiente del sorteo, Eladia de Hoyos Rivera alegadamente fue llevada por personal del Departamento de la Vivienda y del Municipio de Ponce al solar donde se enclavaría la casa. Este solar estaba ubicado en la Calle León 65, Barrio Cantera de Ponce.
Luego de varios meses, en una actividad con motivo del Día de la Madres celebrada en el Centro de Convenciones El Señorial se le entregaron las llaves de la casa a la familia de Hoyos Rivera. Alegan los recurridos que en dicha actividad el Sr. Zengotita del Programa "Ponce en Marcha"'y el Sr. Hernández les indicaron que las escrituras estarían listas en aproximadamente dos semanas. Luego de esto fueron a ver la casa ya instalada y lista para ser habitada.
Pasadas las dos semanas señaladas, los recurridos comenzaron a hacer gestiones para obtener las escrituras del inmueble. Posteriormente el Ledo. Julio César Silvagnoli Collazo, abogado del Municipio de Ponce, le comunicó a los recurridos que no se les podía otorgar escritura alguna toda vez que el municipio no era el nudo propietario del terreno que les fue adjudicado.
Según consta de la certificación expedida por el Registrador de la Propiedad de Ponce el 13 de *1277 julio de 1995, la finca en cuestión aparece inscrita como la finca número 3926, folio 101 del tomo 627, Ponce I, inscripción número 29, a favor del Estado Libre Asociado de Puerto Rico. 
Ante la imposibilidad de obtener las escrituras solicitadas, el 14 de octubre de 1993, los señores de Hoyos Rivera incoaron demanda en el entonces Tribunal de Distrito contra el Municipio de Ponce donde solicitaban al referido foro que declarara con lugar la demanda y ordenara a la parte demandada a entregarles un título válido en derecho sobre el solar que les fuera adjudicado y una suma de $30,000.00 por concepto de daños y perjuicios más las costas y honorarios de abogado. Esta demanda fue enmendada el 17 de agosto de 1994 para incluir al Departamento de la Vivienda de Puerto Rico.
El 11 de febrero de 1994, el Municipio de Ponce contestó la demanda negando las alegaciones de la misma. Entre las defensas afirmativas planteadas por el Municipio de Ponce se planteó la imposibilidad de la donación del solar debido a que el Municipio no era titular del mismo y la inexistencia de contrato entre las partes.
El 29 de marzo de 1995, el Municipio de Ponce radicó una solicitud para que se dictara sentencia sumaria parcial desestimando la demanda incoada contra éste. Los demandantes-recurridos en el caso de epígrafe se opusieron a dicha solicitud.
El Tribunal de Primera Instancia emitió la siguiente orden el 11 de mayo de 1995:

"ORDEN

A la "Moción en Oposición a que se Dicte Sentencia Sumaria Parcial" presentada por la parte demandante: Para dictar una sentencia sumaria el Tribunal debe quedar convencido de la inexistencia de controversia sobre todo hecho material y que como cuestión de derecho nada impida dictar tal sentencia sumaria. Caquías Mendoza v. Asociación de Residentes, 93 J.T.S. 127. Luego de examinar la totalidad de los autos, el Tribunal no queda convencido de lo anterior, por lo que la solicitud de sentencia sumaria presentada por el Municipio de Ponce se declara NO HA LUGAR."
Es de esta orden que recurre el Municipio de Ponce señalando que se cometieron los siguientes errores:

"1. Cometió error el tribunal de instancia al declarar no ha lugar la solicitud de sentencia sumaria radicada por el Municipio de Ponce fundamentando dicha decisión en el caso de Caquías Mendoza vs. Asociación de Residentes ,93 J.T.S. 127.

2. Cometió error el tribunal al no resolver la moción radicada por el Municipio de Ponce el 26 de mayo de 1995 en la cual se solicita un señalamiento de vista para la solicitud de sentencia sumaria y que se tomara conocimiento sobre la frivolidad y temeridad por parte de los demandantes."

II
Por lo relacionado que están ambos señalamientos de error, los discutiremos en conjunto. Para ello es preciso establecer la relación jurídica existente entre el Municipio de Ponce y los demandantes y luego determinar si procedía que se dictara sentencia sumaria como lo solicitó el demandado-recurrente.
Alega la parte demandante que el Municipio de Ponce le había donado el solar en donde fue construida su casa.
La donación está reglamentada dentro del Código Civil de Puerto Rico en los artículos 558 a 598, 31 L.P.R.A. sees. 1981 a 2053. De acuerdo con el Art. 558 "[l]a donación es un acto de liberalidad por el cual una persona dispone gratuitamente de una cosa en favor de otra que la acepta".
A pesar de no encontrarse dentro del capítulo dedicado a los contratos y estar catalogado como una de las formas de adquirir la propiedad, la donación tiene dentro de nuestro Código la consideración de contrato. Prueba de lo anterior es (1) la exigencia de la aceptación del donatario (Art. 558) y (2) la circunstancia de regirse las donaciones entre vivos por las disposiciones generales de los contratos y
*1278 obligaciones en todo lo que no se halle determinado en el título dedicado a la donación (Art. 653). 
En todo caso la donación es un negocio jurídico por el que el donante proporciona a costa de su patrimonio una atribución patrimonial al donatario, mediante acuerdo de ambas partes.
El Código Civil de Puerto Rico establece que podrán hacer donaciones todos los que puedan contratar y disponer de sus bienes. En el caso de autos se trata de un bien inmueble, de manera que le aplica el Art. 575 del Código Civil que establece:

"Para que sea válida la donación de cosa inmueble ha de hacerse en escritura pública, expresándose en ella individualmente los bienes donados y el valor de las cargas que deba satisfacer el donatario.

La aceptación podrá hacerse en la misma escritura de donación o en otra separada; pero no surtirá efecto si no se hiciese en vida del donante.

Hecha en escritura separada, deberá notificarse la aceptación en forma auténtica al donante, y se anotará esta diligencia en ambas escrituras."

De acuerdo con las disposiciones antes mencionadas nos enfrentamos a varios requisitos necesarios para la existencia del negocio jurídico de la donación en un caso como el presente. Primero, se requiere que el donante tenga capacidad para contratar; segundo, se requiere que el donante tenga disposición del bien a ser donado; tercero, aceptación del donatario; cuarto, en caso de bienes inmuebles se requiere escritura pública.
En el caso de autos, aun sin considerar si la Asamblea Municipal había autorizado la donación el municipio porque no era titular del solar alegadamente donado no podía donar el mismo. Por otro lado, tratándose de un bien inmueble el Código Civil exige, como hemos visto, que se haga constar la donación en escritura pública para que sea válida. En este caso no existe escritura pública alguna donde conste tal negocio jurídico. Por consiguiente, es forzoso concluir que en el caso de autos no existió donación alguna a favor de los demandantes-recurridos.
Debido a que el Municipio de Ponce no es el titular del predio de terreno en controversia en el caso de autos, no puede donar el mismo. Aunque el Municipio hubiese tenido título sobre dicho inmueble, para que exista la donación es necesario que se haga constar en documento público, cosa que no ocurrió en este caso. Por otro lado, los demandantes no pueden reclamarle título alguno al municipio puesto que éste carece de facultad alguna para otorgar un título de propiedad sobre un bien que no le pertenece.
Aunque hemos establecido que el Municipio de Ponce es una persona jurídica con capacidad para contratar, es preciso señalar que éste tiene unas limitaciones establecidas por ley y por política pública al momento de contratar. En el caso de epígrafe son de aplicación las disposiciones de la derogada Ley Núm. 146 de 18 de junio de 1980 conocida como "Ley Orgánica de los Municipios de Puerto Rico", 21 L.P.R.A. ant. secs. 1101 et seq. que era la ley vigente al momento de los hechos.
Según la ley aplicable a los hechos del presente recurso para que el Municipio de Ponce pueda donar algún bien inmueble, el proyecto deberá ser sometido por escrito a la Asamblea Municipal para su correspondiente aprobación vía resolución. El alcalde ni ninguno de los funcionarios municipales puede disponer de propiedad del municipio sin cumplir con las disposiciones de la mencionada Ley; de hacerlo estarían actuando ultra vires, por lo que su actuación no surtirá efecto legal alguno. Ocasio v. Alcalde del Municipio de Maunabo, 121 D.P.R. 37 (1988).
En la situación de hechos que nos ocupa no hay evidencia alguna que nos lleve a concluir que la alegada donación estuvo ante la consideración de la Asamblea Municipal del Municipio de Ponce. Por consiguiente, de ser ciertas las alegaciones de la parte recurrida a los efectos de que se le había prometido un solar a nombre del Municipio de Ponce, la actuación de los funcionarios que hicieron dichas promesas trasciende la autoridad conferida por la ley. Tratándose de una actuación de esta naturaleza los actos son nulos y no tienen efecto legal alguno, sin perjuicio de las acciones de daños *1279 que puedan derivarse de tales manifestaciones.
Al resolver el presente recurso debemos tomar en consideración que conforme el Art. 1207 del Código Civil de Puerto Rico, "[l]os contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarios a las leyes, a la moral, ni al orden público". 31 L.P.R.A. see. 3372. A su vez, "los contratos... con causa ilícita no producen efecto alguno. Es ilícita la causa cuando se opone a las leyes o ala moral". Art. 1227 del Código Civil, 31 L.P.R.A. see. 3432. Sánchez Rodríguez v. López Jiménez, 116 D.P.R. 172 (1985); Hernández Usera v. Secretario de Hacienda, 86 D.P.R. 13 (1962). In re: Pagán Ayala, 117 D.P.R. 180 (1986).
Por otro lado, cobra vigencia también el principio rector establecido en el Art. 4 del .Código Civil de Puerto Rico, 31 L.P.R.A. see. 4, a los efectos de que son nulos los actos ejecutados contra lo dispuesto en la ley, salvo los casos en que la misma ley ordene su validez. Morales v. Municipio de Toa Baja, 119 D.P.R. 682 (1987).
En el caso ante nuestra consideración el Municipio de Ponce no es responsable por los alegados compromisos asumidos por sus funcionarios. En todo caso, éstos serían responsables en su carácter personal por los daños, si alguno, que tal actuación pudiera haber causado a los recurridos. Determinar lo contrario implicaría que cualquier funcionario podría obligar a la agencia para la cual trabaja haciendo compromisos que no le están permitidos por ley o que están fuera de sus facultades. En el caso de autos los funcionarios municipales no estaban autorizados a donar el solar en controversia toda vez que tal negocio jurídico no estaba autorizado por la Asamblea Municipal de acuerdo como lo establece la Ley.
Este Tribunal no puede convalidar actuaciones que estén fuera de lo que establece la ley o que, de estar permitidos, sean realizados ultra vires.
Por los fundamentos antes expuestos se revoca la orden recurrida, se declara con lugar la solicitud de sentencia sumaria presentada por el Municipio de Ponce y se desestima la demanda incoada contra el referido municipio.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
María de la C. González Cmz
Secretaria General
ESCOLIOS 95 DTA 324
1. Esta certificación establece lo siguiente: "Urbana: Parcela de terreno radicada en el Barrio Cantera de Ponce, con una cabida superficial de doscientos noventa y cinco punto cincuenta y seis metros cuadrados, en lindes: Por el Norte, con Guillermo Casanova; por el Sur, con José Roque, Sixto Santo, Francisco Blais; por el Este, con la Calle León; por el Oeste, con Pablo Medina, Sixto Santo y José Roque. Sobre este solar enclava una estructura la cual se describe como sigue: casa terrera de construcción mixta, con cimientos y pisos de hormigón, paredes de madera y hormigón, techada de zinc; tiene garage de hormigón, con un área de mil trescientos cuarenta y seis punto diecisiete pies cuadrados. Se hace esta nueva descripción tomada del documento por no ser de todo conforme a la que consta del Registro. Está libre de cargas. Consta inscrita a favor de Nicolasa Cruz y seis hijos Catalina, Brunilda, Santos, Fredelinda, Francisco, Carmen y Epifanio de apellidos Nazario Cruz, según las inscripciones veinticinco y veintiocho. En el caso civil número sesenta y ocho guión ciento treinta sobre expropiación forzosa seguido por el Tribunal Superior de Puerto Rico, Sala de Expropiaciones, sobre expropiación forzosa, por el Estado Libre Asociado de Puerto Rico, representado por su Honorable Secretario de Obras Públicas, Peticionario versus doscientos noventa y cinco punto cincuenta y seis metros cuadrados sitos en el Barrio Cantera de Ponce, Puerto Rico y Nicolasa Cruz, Gerónimo Nazario, Catalina, Brunilda, Fredelinda, Santos, Carmen, Francisco y Epifanio de apellidos Nazario Cruz. La Sucesión Francisco Nazario Cruz compuesta por John Doe y Richard Roe, partes con interés, se dictó por su Juez P. Santos Borges, una (so) digo resolución por la cual se ordena y decreta que el título de dominio absoluto de esta finca quede investido en el Estado Libre Asociado de Puerto Rico por lo cual se consignó la cantidad de doce mil ochocientos setenta dólares como justa compensación, ordenando se inscriba esta finca libre de *1280 cargas, gravámenes, menciones, defectos, anotaciones y reservas siendo esta expropiación con elfin de realizar el Proyecto de Avenida Arenas de Ponce. La copia certificada de la resolución relacionada fue expedida por (el Secretario L.M.C.) digo el subsecretario I.R. López a nombre del Secretario L.M.C. de dicho Tribunal con fecha once de marzo de mil novecientos sesenta y ocho. La Junta de Planificación de Puerto Rico dio su aprobación de dicha expropiación según así resulta del Informe número sesenta y ocho guión quinientos diecisiete guión p de fecha seis de diciembre de mil novecientos sesenta y siete, copia certificada del cual se tiene a la vista, expedida por Luz Marina Vargas, Subsecretaría de dicha Junta, a nombre del Secretario Harry Maldonado. En su virtud, inscribo a favor de El Estado. Libre Asociado de Puerto Rico esta finca por expropiación forzosa en la forma ordenada. Así resulta del Registro y de los documentos relacionados, presentados en esta oficina a las diez y treinta y ocho minutos de la mañana del día catorce de marzo de este año, al asiento número trescientos cincuenta y uno del tomo cuatrocientos sesenta y uno del Diario, quedando archivado copia de los mismos en el archivo de su clase para el año en curso bajo el número veintitrés. Se aclara que según el documento la finca descrita al principio de este asiento constituye la totalidad de la de este número. Ponce, a catorce de marzo de mil novecientos sesenta y ocho. Sin derechos."
2. Véase, J. Castán Tobeñas, Derecho Civil Español Común y Foral, Madrid, 1988, T. IV, pág. 211 et seq.
3. Art. 566, 31. L.P.R.A. see. 2001.
4.31 L.P.R.A. see. 2010.
5. Esto se desprende del asiento en el Registro de la Propiedad, Sección I de Ponce correspondiente al terreno en litigio (antes transcrito).
6. Esta ley derogó la antigua Ley Munipal de 1960, Ley Núm. 142 de 21 de julio de 1960 y a su vez fue derogada por la actual Ley de Municipios Autónomos, Ley Núm. 81 de 30 de agosto de 1991, 21 L.P.R.A. sees. 4001 etseq.
7. Véase Art. 4 de la Ley Orgánica de Municipios de Puerto Rico, supra.
8. Ni el alcalde del Municipio de Ponce, Hon. Rafael Cordero Santiago, ni los demás funcionarios que pudieron estar relacionados con la alegada donación fueron demandados en su carácter personal.