AB-2001-31                                                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Mario A. Torres Rivera | Queja<br><br>2003 TSPR 19<br><br>158 DPR \_\_\_\_ |

Número del Caso: AB-2001-31

Fecha: 18/febrero/2003

Oficina de Inspección de Notarías:
                        Lcda. Carmen H. Carlos
                        Directora

Abogado de la Parte Querellada:
                        Lcdo. Alejandro Torres Rivera

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Mario A. Torres Rivera

AB-2001-31

PER CURIAM

San Juan, Puerto Rico a 18 de febrero de 2003

El 11 de marzo de 2002 la Directora de la Oficina de Inspección de Notarias (en adelante ODIN) presentó un informe relacionado con una queja presentada por la Sra. Enid Pérez Figueroa contra el abogado notario, Lcdo. Mario A. Torres Rivera. La señora Pérez Figueroa le imputó al licenciado Torres Rivera haber otorgado una escritura que no era válida por lo que no fue posible inscribirla en el Registro de la Propiedad. Además, alegó, que hubo negligencia en el proceso de corregir las deficiencias y que se le desinformó de manera

intencional sobre el particular con el propósito de ocultar la impericia ocurrida.

En su Informe, ODIN expresa que "[n]o está en controversia en esta queja y así lo acepta el querellado, el incumplimiento de sus deberes notariales a fin de lograr lo que desde el año 1983 le fue solicitado por la [Sra. Pérez Figueroa]." En su contestación a la queja el licenciado Torres Rivera expresa que "es un hecho irrefutable que bajo las condiciones expuestas en la Escritura Núm. 20 de 6 de marzo de 1984 (Escritura de Cesión de Derechos y Acciones), el título de la propiedad no podía ser inscrito a nombre de la querellante." Tampoco está en controversia la deficiente labor instrumentadora del querellado, quien, conciente de que no todos los herederos podían comparecer al otorgamiento, autorizó un instrumento antes de completar las gestiones correspondientes a la obtención de poderes para conformar el consentimiento de toda una sucesión.

Con relación al Informe de ODIN el querellado indica que éste "es uno esencialmente balanceado, objetivo y jurídicamente correcto."

Los daños a la querellante ocasionados por las actuaciones u omisiones del notario Torres Rivera fueron transigidos en un pleito civil presentado ante el foro federal y aunque el querellado no ha cumplido en su totalidad con los términos de la estipulación, ODIN reconoce que esto "se debe a la inacción u omisión de la propia quejosa."

En reiteradas ocasiones hemos reconocido que la transacción mediante una acción civil o indemnización monetaria por los daños ocasionados por actuaciones impropias o antiéticas de un abogado o notario, no precluye nuestra jurisdicción disciplinaria para entender en la querella que ha sido objeto de la transacción. Sin embargo, esta gestión puede ser un atenuante importante a favor del notario. In re: Pagán Ayala, 117 D.P.R. 180, 187 (1986). Véanse, además: In re: Román Rodríguez, PC de 14 de noviembre de 2000, 152 D.P.R. ___ (2000), 2000 JTS 180; a la pág. 394; e In re: Ardín, 75 D.P.R. 496, 500 (1953).

También hemos resuelto que constituirán atenuantes que el notario querellado demuestre que no hubo mala fe, ni la intención de lucro o de engañar a la querellante; que éste gozaba de una buena reputación en su desempeño como abogado y notario; y que se mantiene en su intención de resarcir a la querellante y subsanar las irregularidades. In re: Vélez Barlucea, PC. de 26 de octubre de 2000, 152 D.P.R.___ (2000), 2000 JTS 170, a la pág. 285-286; In re: Raya, 117 D.P.R. 797, 802-803 (1986).

Tomando en consideración que aunque el asunto planteado en la querella de marras es uno serio, éste no parece ser ilustrativo del desempeño del notario licenciado Torres Rivera; que éste en lo absoluto no parece haber actuado con el propósito de favorecer a alguno de los otorgantes, ni de defraudar o lucrarse; que éste además ha hecho múltiples gestiones para corregir sus omisiones; y que el perjuicio ocasionado a la querellante ha estado en vías de subsanación; y en ausencia de lesión a un interés público mayor, acogemos la recomendación de ODIN y censuramos enérgicamente al licenciado Torres Rivera y le apercibimos que en el futuro habremos de ser más severos en la imposición de medidas disciplinarias, de este incurrir en alguna otra falta a su deber profesional como notario. Tanto la querellante señora Pérez Figueroa como el querellado licenciado Torres Rivera deberán mantener a este Tribunal informado de sus gestiones para dar cumplimiento con la sentencia que con relación a los hechos que motivaron la querella recayó en contra del querellado. Se le advierte al licenciado Torres Rivera que se mantiene la jurisdicción disciplinaria de este Tribunal hasta tanto se dé por cumplida en su totalidad la estipulación acordada con la Sra. Pérez Figueroa. La Secretaría de este Tribunal mantendrá activo el expediente de este asunto hasta que se cumpla con lo antes dispuesto.

Se dictará la correspondiente sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Mario A. Torres Rivera

AB-2001-31

SENTENCIA

San Juan, Puerto Rico a 18 de febrero de 2003

Por los fundamentos expuestos en la Per Curiam que antecede, se censura enérgicamente al licenciado Torres Rivera y se le apercibe que en el futuro habremos de ser más severos en la imposición de medidas disciplinarias, de este incurrir en alguna otra falta a su deber profesional como notario. Se le advierte al licenciado Torres Rivera que se mantiene la jurisdicción disciplinaria de este Tribunal, hasta tanto se dé por cumplida en su totalidad la estipulación acordada con la Sra. Enid Pérez Figueroa.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo