*In re* LIC. SAMUEL PAGÁN AYALA, querellado.

Número: O-84-530        Resuelto: 9 de abril de 1986

Roberto Schmidt Monge, Procurador General, Miguel Pagán, Subprocurador General, Eliadís Orsini Zayas, Procuradora

*General Auxiliar*, abogados de El Pueblo; *Benjamín Ortiz Belaval*, abogado del querellado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

"El abogado debe ir más allá que el común de las gentes; el carácter de que está investido y la dignidad y decencia que deben presidir todos sus actos, le obligan a responder en forma tal a la confianza que se ha depositado en él, que producido por su culpa o negligencia un hecho que genere su responsabilidad, debe ponerlo en conocimiento del damnificado, declarándole lealmente su obligación de indemnizar y haciendo efectiva su responsabilidad." A. E. Parry, *Ética de la Abogacía*, Buenos Aires, Ed. Jur. Argentina, 1940, T. I, pág. 159.

I

El Procurador General de Puerto Rico formuló querella por conducta profesional impropia contra el Lic. Samuel Pagán Ayala. En el primer cargo le imputó conducta "antiética al no realizar ninguna gestión profesional en beneficio de su cliente al Sr. Aracelio Ramos González, quien lo contrató para que lo representara en una acción de daños y perjuicios y quien se enteró de dicha representación profesional negligente del querellado a través de otro abogado, luego de varios años, pues aquél, el querellado, nada le informaba". En el segundo cargo, adujo infracción ética consistente en haber ofrecido indemnizar a Ramos González con la suma de $12,000 por los daños sufridos a cambio de que éste no procediese éticamente en su contra, para lo cual le entregó inicialmente $5,000 y el balance de $7,000 en dos (2) pagarés que no honró.

El Comisionado Especial designado, Lic. Ramón Pérez De Jesús, ex Juez Superior, oportunamente rindió su informe. En el mismo consigna que en la vista evidenciaria los abogados de las partes anunciaron la siguiente estipulación:

1. El querellado se compromete a compensar al señor Aracelio Ramos González, persona alegadamente perjudicada según la querella, con la suma de $12,000.00 de la cual éste recibió $5,000.00 con anterioridad a la presentación de la querella ante el Tribunal. Los restantes $7,000.00 para ser pagados a razón de $2,000.00 dentro de los cinco días siguientes al día de la vista —22 de febrero de 1985— y los restantes $5,000.00 en el curso de los setenta y cinco días, también a partir de la indicada fecha. (A la fecha del presente informe ya se hizo el pago de los $2,000.00). El pago final de los $5,000.00 se vencerá en el curso de la segunda semana de mayo de 1985.

2. *Cumplidos los compromisos de resarcimiento económico asumidos por el querellado, la parte querellante —el Procurador General de Puerto Rico— accederá a que se dé por retirada o desistida la querella.* (Énfasis suplido.)

Además expuso lo siguiente:

Oída la estipulación antes transcrita, el Comisionado Especial consideró conveniente oir [sic] los testimonios del perjudicado y el querellado respecto a los acuerdos anunciados en la misma. Ambos hicieron constar su conformidad plena al contenido de la estipulación por entender que ésta hacía justicia a todas las partes. Igual juicio emitió el Licdo. [sic] Juan F. Pérez Colón, abogado personal del perjudicado y testigo citado por ambas partes. Así las partes dieron el caso por sometido.

Por constituir una cuestión de derecho, tanto el Comisionado Especial como las partes están conscientes de que el primero fue designado con el limitado propósito de recibir la prueba practicada, hacer determinaciones preliminares sobre admisibilidad de evidencia, certificar la prueba y rendir un informe con determinaciones de hecho. Sobre el particular, véase la REGLA 13(h) y (k) del Reglamento del Tribunal Supremo de Puerto Rico y la Resolución del Tribunal, fechada el día 24 de septiembre de 1984, designando al Comisionado Especial en este caso. No compete, pues, a éste hacer conclusiones de derecho ni determinaciones finales en el caso, aunque sí puede hacer recomendaciones.

Ante lo antes consignado, todos estamos de acuerdo en que, aunque el querellado ha continuado haciendo los pagos que inició con anterioridad a la presentación formal de la querella, corresponde al propio Tribunal hacer toda determinación final en el caso, incluyendo las consecuencias atinentes a la situación. Ante este estado de cosas, entendemos que, independientemente de los antecedentes que obran en el expediente del querellado, conocidos por el Honorable Tribunal, debe considerarse —al tomarse una decisión final— el sacrificio económico notable que constituye para el querellado la obligación asumida por·él de pagar una considerable suma de dinero para compensar al perjudicado por los daños que alega haber sufrido lo que, a la vez, *podría considerarse como una admisión tácita de haber incurrido en la falta que se le imputa.* (Énfasis suplido.)

El Procurador General ha sometido el asunto. El querellado Pagán Ayala sostiene que la estipulación adoptada no conllevó admisión expresa o tácita de los cargos. Además nos acredita documentalmente haber satisfecho al presente el remanente de la deuda surgida de los dos pagarés que suscribió. Solicita el archivo de la querella.

## II

A los fines de evaluar si procede o no el archivo, en buena lógica, (1) es menester resolver las siguientes interrogantes: ¿Prohíben los Cánones de Ética que un abogado —en circunstancias análogas a la de autos— pueda lícitamente transigir extrajudicialmente una causa de acción dimanante precisamente de una alegada incompetencia profesional? ¿Cuáles son sus efectos en el ámbito de la jurisdicción disciplinaria? ¿Qué criterios son determinantes para acceder a un archivo?

---

(1) Se impone este análisis independientemente de que en virtud del trámite peculiar habido ante el Comisionado Especial, no haya prueba para sostener el primer cargo. La única admisión es que el compromiso del querellado Pagán Ayala de pagar a Ramón González fue motivado por el temor de la radicación de una querella y su deseo de evitarla. (Contestación a la querella, pág. 4.)

En la querella, con referencia al segundo cargo, el Procurador General alegó que la oferta de indemnización violaba el Canon 26 *in fine*, preceptivo de que es "impropio de un abogado relevarse de responsabilidad por actos u omisiones negligentes en su gestión profesional".

■■■■ El canon transcrito no prohíbe que un abogado informe y acepte ante su cliente responsabilidad por errores y omisiones atribuibles a su persona. Se estima que ese es un deber deontológico que forma parte del honor del abogado. H. Viñas, *Ética y derecho de la abogacía y procuración*, Buenos Aires, Ed. Pannedille, 1977, págs. 136–137.[2] Véase *In re Pérez Rodríguez*, 115 D.P.R. 547 (1984). No cabe otra conclusión. Después de todo, en el ámbito de su responsabilidad civil "(deber de responder) se configura a base de los elementos típicos de toda acción en daños contra un profesional". *Colón Prieto* v. *Géigel*, 115 D.P.R. 232 (1984). La estricta reglamentación a que está sometido el abogado no es impedimento para que se le reconozca, como a cualquier otro profesional, todos aquellos derechos armonizables con la naturaleza pública que reviste su gestión.

Los antecedentes del Canon 26 ilustran su verdadero significado. Está dirigido a evitar que el abogado limite o se exonere contractualmente, o de otro modo, evada su respon-

---

[2] H. Viñas, *Ética y derecho de la abogacía y procuración*, bajo el sugestivo título de *Deber de Reconocer su Responsabilidad*, Buenos Aires, Ed. Pannedille, 1977, pág. 136, resume así el tratamiento argentino:

"El honor del abogado obliga a observar lo preceptuado en los últimos apartados de la regla 14ª: 'No es aceptable que el abogado se exculpe de los errores y omisiones en que incurra en su actuación, pretendiendo descargarlos en otras personas; ni de actos ilícitos, atribuyéndolos a instrucciones de sus clientes.' Lamentablemente es frecuente el proceso de 'justificación ética', proyectiva que suele darse en algunos profesionales. Y: IV) El abogado debe adelantarse a reconocer la responsabilidad derivada de su negligencia o actuación inescusable, allanándose a resarcir los daños y perjuicios causados por su cliente."

sabilidad por mala práctica profesional. (³) El entonces presidente de la *Comisión para revisar los Cánones de Ética Profesional* del Colegio de Abogados de Puerto Rico, Lic. Francisco Agrait Oliveras —cuyas labores y recomendaciones sirvieron de base para el actual Código de Ética— expuso ante su Junta de Gobierno:

> El Canon 26 incorpora una nueva disposición prohibiendo relevo de responsabilidad profesional. Yo no conozco ningún caso de esto. Esto lo hemos adoptado de la American Bar Association. Yo nunca he sabido que esto haya sucedido en Puerto Rico, pero decidimos poner en el [C]anon 26, establecer una disposición, pues usted no puede hacer contrato con el cliente diciéndole "bueno mire me libro de responsabilidad, yo no soy responsable frente a usted por cualquier negligencia en el desempeño de mis funciones como abogado representándolo". *Lo que se está prohibiendo es que usted pacte con el cliente librándose de responsabilidad, relevándose usted como abogado de antemano por su negligencia.* Minuta Núm. 12, Reunión Extraordinaria de la Junta de Gobierno del 22 de junio de 1970.

■ En resumen, el Código de Ética Profesional no impide al abogado que en el desempeño de sus funciones haya incurrido en negligencia, indemnizar extrajudicialmente al perjudicado. Simplemente prohíbe que a priori o mediante recursos posteriores indebidos se libere de esa responsabilidad.

---

(³) El Código Modelo de Responsabilidad Profesional de la Asociación del Foro Norteamericano (American Bar Association), 1979, reza:

*"LIMITING LIABILITY TO CLIENT*

"EC 6-6 A lawyer should not seek, by contract or other means, to limit his individual liability to his client for his malpractice. A lawyer who handles the affairs of his client properly has no need to attempt to limit his liability for his professional activities and one who does not handle the affairs of his client properly should not be permitted to do so. A lawyer who is a stockholder in or is associated with a professional legal corporation may, however, limit his liability for malpractice of his associated in the corporation, but only to the extent permitted by law.

"DR 6-102 Limiting Liability to Client

"(A) A lawyer shall not attempt to exonerate himself from or limit his liability to his client for his personal malpractice."

■ Nos resta examinar los efectos de esa indemnización y qué criterios deben regir para archivar o no una querella como la que nos ocupa. Ciertamente una vez satisfecho el perjuicio privado de la persona afectada, en ausencia de un interés público mayor, de ordinario el asunto no debe trascender ni penetrar los recintos de este foro o los de la Oficina del Procurador General.

■ Aclaramos, sin embargo, que en ninguna forma podrá el abogado transigir con su cliente la acción civil en daños por mala práctica profesional, al establecer como condición para ello que no se presente querella por violación ética en su contra. (⁴) Tal decisión de presentar la querella, aun cuando haya sido satisfecho y reparado el daño, descansa en el sano y prudente criterio del cliente perjudicado. El ejercicio final de nuestra jurisdicción disciplinaria, como en el caso de autos, no puede ser precluido en virtud de tal acuerdo. La admisión de responsabilidad civil y resarcimiento por el abogado a su cliente, constituirá un atenuante, o podrá ser determinante para su archivo, si es que finalmente se insta querella.

■ El archivo no será favorecido en aquellas situaciones en que la negligencia profesional haya ido acompañada de un comportamiento que atente contra el prestigio y la dignidad pública que debe caracterizar al abogado, que envuelven lesiones éticas graves que impliquen depravación moral, fraude, ilegalidad, falsificación, apropiación indebida, o conductas nocivas análogas, o un continuado y repetido curso acumulativo

---

(⁴) Advertimos que conforme el Art. 1207 del Código Civil, "[l]os contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarios a las leyes, a la moral, ni al orden público". 31 L.P.R.A. sec. 3372. A su vez, "los contratos . . . con causa ilícita no producen efecto alguno. Es ilícita la causa cuando se opone a las leyes o a la moral". Art. 1227 del Código Civil, 31 L.P.R.A. sec. 3432. Véanse: *Sánchez Rodríguez* v. *López Jiménez*, 116 D.P.R. 172 (1985); *Hernández Usera* v. *Secretario de Hacienda*, 86 D.P.R. 13, 18–25 (1962).

de dejadez, indiferencia y negligencia profesional demostrativo de ineptitud para el ejercicio de la abogacía.

### III

En el contexto del trámite y hechos del caso ante nos, resolvemos que el querellado Pagán Ayala no violó canon alguno al acordar indemnizar a Ramos González en la suma de $12,000. Su única falta consistió en no haberlo honrado a tiempo y condicionado a la no radicación de querella. Ese hecho no contradicho motivó la queja y lo sujetó a este procedimiento disciplinario, por resultar materia legítima referente a "conducta profesional que nos toca regular". *Colegio de Abogados de P.R.* v. *Barney*, 109 D.P.R. 845, 850 (1980).

Desde que quedó este asunto sometido ante nos, el querellado Pagán Ayala satisfizo cabalmente su obligación. Su comparecencia refleja que su decisión de compensar a Ramos González fue en parte el resultado del trámite que se seguía en su contra y que culminó en *In re Pagán Ayala*, 109 D.P.R. 712 (1980). La lección ha sido dolorosa: fue suspendido y tuvo que indemnizar a sus representados. En estas circunstancias, *en justicia merece que aprobemos la estipulación de archivo.*

*Se dictará la correspondiente sentencia.*

El Juez Presidente Señor Pons Núñez no intervino. El Juez Asociado Señor Ortiz se inhibió.