EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Marcos A. Rivera Ortiz<br>(TS-5,398)<br><br>John Ward Llambías<br>(TS-7,532) | 2023 TSPR 141<br><br>213 DPR ___ |

Número del Caso:  CP-2019-0008


Fecha:  7 de diciembre de 2023


Oficina del Procurador General:

     Lcda. Lorena Cortés Rivera
     Subprocuradora General

     Lcda. Mabel Sotomayor Hernández
     Subprocuradora General

     Lcdo. Omar Andino Figueroa
     Subprocurador General

     Lcda. Yaizamarie Lugo Fontánez
     Procuradora General Auxiliar


Abogados de los querellados:

     **Lcdo. Marcos A. Rivera Ortiz:**

     Lcda. Daisy Calcaño López
     Lcdo. Donald Millán Guindín

     **Lcdo. John Ward Llambías:**

     Por derecho propio


Comisionada Especial:

     Hon. Ygrí Rivera Sánchez


Materia:  Conducta Profesional – Suspensión inmediata del ejercicio de la abogacía por infracción a los Cánones 9, 12, 18, 19 y 38 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>Marcos A. Rivera Ortiz<br>TS-5,398<br><br>John Ward Llambías<br>TS-7,532 | CP-2019-008 |  |

*PER CURIAM*

En San Juan, Puerto Rico, a 7 de diciembre de 2023.

Una vez más nos vemos obligados a suspender a dos miembros de la profesión legal del ejercicio de la abogacía. En esta ocasión, por sus infracciones a los Cánones 9, 12, 18, 19 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX. Veamos.

**I.**

El Lcdo. Marcos A. Rivera Ortiz (licenciado Rivera Ortiz) fue admitido al ejercicio de la abogacía el 29 de diciembre de 1976.[1] Por su parte, el Lcdo. John Ward Llambías

---

[1] El Lcdo. Marcos A. Rivera Ortiz prestó juramento de notario el 21 de enero de 1977, pero fue suspendido del ejercicio de la notaría mediante Opinión *Per Curiam* y Sentencia de 6 de julio de 1992 por dejar de adherir y cancelar sellos de rentas internas.

(licenciado Ward Llambías) fue admitido al ejercicio de la abogacía el 30 de noviembre de 1982.[2]

El 15 de mayo de 2006, la Sra. Elizabeth Rodríguez Flecha presentó una queja ética en contra del licenciado Rivera Ortíz y el licenciado Ward Llambías (promovidos). Expuso que ella, junto a otras cincuenta y nueve (59) personas (promoventes), trabajaban en la compañía Life Savers, Inc. de donde se retiraron por condiciones de incapacidad. La compañía estaba asegurada por Medical Card System (MCS), el cual administraba el Plan de Incapacidad a largo plazo. Alegaron que este beneficio les fue suspendido de forma arbitraria.

El 24 de julio de 2002, los promoventes contrataron los servicios profesionales del licenciado Rivera Ortiz para llevar una acción en contra de la aseguradora, quien presentó una demanda por daños y perjuicios ante el Tribunal de Primera Instancia el 14 de agosto de 2002.[3] Sin embargo, la acción fue trasladada al Tribunal de Distrito Federal a petición de la parte demandada. Por ello, el licenciado Rivera Ortiz le comunicó a los promoventes la necesidad de contratar a un abogado con experiencia en el foro federal y les recomendó al licenciado Ward Llambías. Las partes firmaron un contrato de servicios profesionales el 8 de enero

---

[2] El Lcdo. John Ward Llambías prestó juramento de notario el 16 de diciembre de 1982. El 29 de abril de 2016 fue suspendido de forma inmediata e indefinida del ejercicio de la abogacía y la notaría por incumplir con los requisitos de educación jurídica continua y con nuestras órdenes. El 24 de octubre de 2016 fue reinstalado al ejercicio de la abogacía.

[3] *Graciano Álamo Rodríguez v. MCS Life Insurance Company, et. al.*, civil núm. HSCI200200802.

de 2003 y el licenciado Rivera Ortiz se mantuvo como parte de la representación legal para colaborar con el licenciado Ward Llambías.

Luego de varios trámites procesales e incomparecencias de la representación legal de los promoventes, el Tribunal de Distrito Federal ordenó la desestimación con perjuicio de la acción por incumplimiento con sus órdenes.[4] Los promoventes advinieron en conocimiento de la desestimación con perjuicio de la demanda debido a que acudieron directamente al Tribunal para obtener información de su caso y entonces se comunicaron con los promovidos. Así las cosas, el 17 de septiembre de 2003, el licenciado Ward Llambías presentó un escrito titulado *Notice of Attorney Appearance* para que se le anotara como nuevo abogado activo en el caso.

Finalmente, el licenciado Ward Llambías optó por apelar la desestimación de la acción ante el Tribunal de Apelaciones de Estados Unidos para el Primer Circuito.[5] Principalmente, argumentó que su incomparecencia a la vista de conferencia inicial se debió a que no había sido notificado a pesar de ser el abogado activo en dicho caso, presentar previamente ciertas mociones y sostener comunicaciones con los representantes legales de los demandados. Sostuvo que solo habían notificado al licenciado Rivera Ortiz, quien surgía como abogado de récord. El foro apelativo declaró no ha lugar

---

[4] Véase el Informe de la Oficina de la Procuradora General, Anejo IV, págs. 18-21.
[5] Véase el Informe de la Oficina de la Procuradora General, Anejo V, págs. 22-24.

el recurso. Concluyó que el licenciado Ward Llambías fue frívolo al no notificar que era el abogado activo hasta después que se desestimó la causa, razón por la cual no recibió las notificaciones.[6] Sin embargo, al licenciado Rivera Ortiz sí recibirlas, concluyó que el foro primario tuvo razón al desestimar, pues bastaba con que se notificara a uno de los abogados del caso.

El 9 de mayo de 2005, los promoventes presentaron una demanda ante el Tribunal de Primera Instancia por daños y perjuicios contra los promovidos.[7] En vista de que la demanda versaba sobre los mismos hechos alegados en la queja, ordenamos la paralización del procedimiento disciplinario hasta su culminación.

Luego de varios trámites procesales, incluyendo la anotación de rebeldía de los promovidos, el 18 de mayo de 2018, el Tribunal de Primera Instancia emitió una sentencia en la que declaró con lugar la demanda de impericia profesional.[8]

El Procurador General sometió la querella disciplinaria el 22 de noviembre de 2019. En esta imputó al licenciado Rivera Ortiz violaciones a los Cánones 9, 12, 18, 19 y 38 de Ética Profesional, *supra*, y al licenciado Ward Llambías violaciones a los Cánones 12, 18 y 38, de Ética Profesional,*supra*.

---

[6] *Id.*
[7] *Graciano Álamo-Rodríguez, et als. v. John Ward Llambías, et als.*, Civil Núm. KAC2005-3440.
[8] Los promoventes recurrieron ante el Tribunal de Apelaciones, foro que modificó y confirmó el dictamen recurrido. Posteriormente acudieron ante este Tribunal. Estos recursos fueron denegados.

El licenciado Rivera Ortiz expuso que trabajó de manera rápida y efectiva en la primera fase del caso, y cuando se trasladó al foro federal, descansó en el licenciado Ward Llambías para que cumpliera con toda la exigencia y especialización que requiere el proceso federal. El licenciado Rivera Ortiz sostuvo que estaba para ayudar, por lo que él alegó que no se le puede exigir el mismo rigor profesional.

El licenciado Ward Llambías, por su parte, solicitó una prórroga de quince (15) días, pero al cumplirse el término no compareció por lo que le concedimos diez (10) días adicionales para contestar. El licenciado Ward Llambías se limitó a reiterar en que no incurrió en error, ni negligencia, separándose de cualquier tipo de responsabilidad. Insistió en que la responsabilidad recaía en el licenciado Rivera Ortiz, ya que él era el abogado de récord y era quien estaba siendo notificado por el Tribunal.

Consecuentemente, referimos el asunto a la Comisionada Especial, Hon. Ygrí Rivera Sánchez, quien presentó su Informe el 23 de junio de 2023. En el mismo, concluyó que los promovidos habían incumplido con los Cánones imputados en la querella y esto quedó probado de manera clara, robusta y convincente según la prueba presentada por estipulación de las partes.

Además, le otorgó entera credibilidad al arrepentimiento mostrado por el licenciado Rivera Ortiz sobre sus omisiones éticas y recomendó a este Tribunal tomar

en consideración la existencia de atenuantes e imponer una sanción proporcional a las faltas éticas objeto del presente procedimiento.

A la luz de este tracto fáctico procedemos a exponer el derecho aplicable.

**II.**

El Canon 9 de Ética Profesional, *supra*, expresa que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". La profesión de la abogacía por su propia naturaleza requiere de sus funcionarios la más escrupulosa atención y diligencia ante cualquier tribunal o foro que estén obligados a comparecer. *In re Pagán Ayala*, 130 DPR 678, 681 (1992); *In re Colón Torres*, 129 DPR 490 (1991). Tanto así que "la desatención por parte de los letrados de los requerimientos realizados durante un proceso disciplinario no sólo denota indisciplina, desobediencia y falta de respeto hacia las autoridades, sino que además causa demoras irrazonables en el trámite de los casos, afectando la administración de la justicia". *In re Cardona Estelritz*, 2023 TSPR 100, 212 DPR __; *In re López Santiago*, 199 DPR 797, 808-809 (2018); *In re Cuevas Velázquez*, 174 DPR 433, 444 (2008).

Por su parte, el Canon 12 de Ética Profesional, *supra*, expresa que "[e]s deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación

de las causas". Esto implica que, en virtud de ello, todo letrado está "obligado a realizar todas las diligencias necesarias para asegurarse de no causar demoras indebidas en el trámite de las causas de acción que le sean encomendadas". *In re Lugo Quiñones I*, 206 DPR 1 (2021); *In re Pérez Guerrero*, 201 DPR 345 (2018); *In re Nieves Nieves*, 181 DPR 25 (2011); *In re López Montalvo*, 173 DPR 193 (2008). Esto forma parte del deber fundamental que tienen los abogados para con su cliente. *In re Lugo Quiñones I*, supra; *In re Rodríguez Lugo*, 201 DPR 729 (2019); *In re Otero Calero*, 200 DPR 561 (2018); *In re Morell Bergantiños*, 195 DPR 759 (2016). Siendo ello así, el deber de diligencia profesional es incompatible con la desidia, despreocupación, inacción y displicencia. *In re Collazo I*, 159 DPR 141 (2003).

Ahora bien, el Canon 18 del Código de Ética Profesional, *supra*, expresa que:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable…

Nosotros le hemos exigido a nuestros abogados que en los trámites judiciales que ocupan sean celosos, cuidadosos y diligentes. *In re Cardona Estelritz*, *supra*. Si de lo contrario, el comportamiento del letrado "exhibe una conducta negligente que pueda acarrear o, en efecto acarree,

la desestimación de un caso", infringe los preceptos del Canon 18 de Ética Profesional. *In re Rivera Nazario*, 193 DPR 573 (2015); véase, también, *In re Hoffman Mouriño*, 170 DPR 968(2007); *In re Guadalupe Díaz*, 155 DPR 135, 154-155, (2001).

Algunos de los comportamientos que esta Curia ha sancionado como violaciones a este deber de diligencia, son: **1) no comparecer a los señalamientos del tribunal**, 2) no contestar interrogatorios que le son sometidos, 3) no informar a las partes sobre la presentación de un perito, **4) desatender o abandonar el caso**, 5) permitir que expire el término prescriptivo o jurisdiccional de una acción, y **6) cualquier tipo de actuación negligente que puede conllevar o, en efecto, resulte en la desestimación o archivo del caso.** *In re Collazo I*, *supra*. Esta conducta es altamente reprochable, pues los intereses de su cliente son los verdaderamente afectados. *In re Lugo Quiñones I*, *supra*; *In re Rodríguez Lugo*, *supra*; *In re López Santiago*, *supra*; *In re Nieves Nieves*, *supra*.

Asimismo, el Canon 19 del Código de Ética Profesional, *supra*, expresa que "[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". En la relación abogado-cliente es fundamental el deber de mantener al cliente informado. Este Tribunal ha expresado que cuando el abogado "[n]o atiende los reclamos de información que le hace el cliente; no le informa del resultado adverso de una

gestión; ocurre la desestimación o el archivo de la acción; no mantiene al cliente al tanto del estado de los procedimientos del caso; o le niega información sobre el mismo" se infringe este Canon. *In re: Lugo Quiñones I*, *supra*; *In re Pérez Guerrero*, *supra*; *In re Vázquez Bernier*, 198 DPR 459 (2017); *In re Reyes Coreano*, 190 DPR 739(2014).

Por último, el Canon 38 del Código de Ética Profesional, *supra*, expresa que "[e]l abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia". Las actuaciones de cada abogado se ven reflejadas en la profesión, por tal razón, "siempre deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen". *In re Lugo Quiñones I*, *supra*; *In re Vázquez Bernier*, *supra*; *In re Rivera Nazario*, *supra*; *In re Gordon Menéndez*, 183 DPR 628 (2011).

## III.

Como mencionamos anteriormente, el asunto fue referido a una Comisionada Especial quien al examinar meticulosamente la prueba presentada concluyó que los Querellados violaron los Cánones del Código de Ética Profesional imputados. Coincidimos con dicha apreciación.

Primero, el licenciado Rivera Ortiz quebrantó sus deberes profesionales al no cumplir con las órdenes que le

fueron notificadas por el Tribunal. El no mostrar la diligencia necesaria para con ese foro ocasionó que la demanda a la cual se comprometió a representar y recibió honorarios para ello, fuese desestimada con perjuicio, causándole severos daños a sus clientes. De igual forma, al no informarle oportunamente la desestimación del caso a sus clientes violó su deber de mantener informado al cliente. Por tal razón, el licenciado Rivera Ortiz infringió los Cánones 9, 12, 18, 19 y 38.

Al igual que el licenciado Rivera Ortiz, el licenciado Ward Llambías no fue diligente con los trámites procesales del caso que aquí nos ocupa, lo que ocasionó que fuese desestimado con perjuicio. Contrario a lo que el letrado expuso en su contestación, el no recibir las notificaciones del Tribunal no lo excusa de sus deberes con el cliente. Su conducta fue negligente al no comparecer como abogado activo en el caso hasta luego de que la demanda fuese desestimada, lo que refleja indiferencia y dejadez en el asunto. Por tal razón, infringió los Cánones 12, 18 y 38.

La conducta aquí esbozada es una que merece ser sancionada. Previo a determinar la sanción correspondiente a un profesional del Derecho que ha infringido los Cánones de Ética Profesional, hemos adoptado varios criterios o factores a considerarse: (1) la reputación del abogado en la comunidad; (2) su historial disciplinario; (3) si la conducta es una aislada; (4) si medió ánimo de lucro; (5) si presentó una defensa

frívola de su conducta; (6) si ocasionó perjuicio a alguna parte; (7) si resarció al cliente o la clienta; (8) si demostró aceptación o arrepentimiento sincero por la conducta que le fuera imputada y, (9) otros atenuantes o agravantes que surjan de los hechos. *In re Roldán González*, 195 DPR 414 (2016).

### IV.

A tenor de todo lo antes expuesto, se suspende inmediatamente del ejercicio de la abogacía al Lcdo. Marcos A. Rivera Ortiz por un término de tres (3) meses. El licenciado Rivera Ortiz ha sido objeto de sanciones disciplinarias previamente por su incumplimiento con las disposiciones de la Ley Notarial. Sin embargo, también tomamos en consideración que el letrado se mostró arrepentido por su conducta.

En cuanto al Lcdo. John Ward Llambías, tampoco estamos ante una primera falta disciplinaria. Por lo tanto, se le suspende inmediatamente del ejercicio de la abogacía por un término de cuatro (4) meses.

En consecuencia, se le impone a estos el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tengan casos pendientes. Además, tienen la obligación de acreditar y

certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notifican de su suspensión dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se les reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>Marcos A. Rivera Ortiz<br>TS-5,398<br><br><br>John Ward Llambías<br>TS-7,532 | CP-2019-008 | |

SENTENCIA

En San Juan, Puerto Rico, a 7 de diciembre de 2023.

Por los fundamentos expuestos en la *Opinión Per Curiam que antecede*, se suspende inmediatamente del ejercicio de la abogacía al Lcdo. Marcos A. Rivera Ortiz por un término de tres (3) meses. El licenciado Rivera Ortiz ha sido objeto de sanciones disciplinarias previamente por su incumplimiento con las disposiciones de la Ley Notarial. Sin embargo, también tomamos en consideración que el letrado se mostró arrepentido por su conducta.

En cuanto al Lcdo. John Ward Llambías, tampoco estamos ante una primera falta disciplinaria. Por lo tanto, se le suspende inmediatamente del ejercicio de la abogacía por un término de cuatro (4) meses.

En consecuencia, se le impone a estos el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en donde tengan casos pendientes. Además, tienen la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notifican de su suspensión dentro del término de treinta (30) días a partir de la notificación de esta

Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se les reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Rivera García no intervino. La Jueza Presidenta Oronoz Rodríguez inhibida.


Bettina Zeno González
Secretaria del Tribunal Supremo Interina