EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br><br>Danitza Santiago Ortiz<br>(TS-16,520) | 2024 TSPR 127<br><br>214 DPR ___ |
|---|---|

Número del Caso:  CP-2020-0011


Fecha:  5 de diciembre de 2024


Oficina del Procurador General:

    Hon. Isaías Sánchez Báez
    Procurador General

    Lcda. Mabel Sotomayor Hernández
    Subprocuradora General

    Lcdo. Eric O. De La Cruz Iglesias
    Procurador General Auxiliar

    Lcda. Yaizamarie Lugo Fontánez
    Procuradora General Auxiliar

    Lcda. Juliana N. Castro Ramos
    Procuradora General Auxiliar


Representante legal de la querellada:

    Lcda. Daisy Calcaño López


Comisionada Especial:

    Hon. Nereida Cortés González



Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía por violación a los Cánones 9, 12, 18, 19 y 26 del Código de Ética Profesional.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Danitza Santiago Ortiz
     (TS-16,520)                    CP-2020-0011

*PER CURIAM*

En San Juan, Puerto Rico, a 5 de diciembre de 2024.

Nuevamente nos corresponde disciplinar a una integrante de la profesión jurídica por incumplir los preceptos deontológicos impuestos en el Código de Ética Profesional, infra. En esta ocasión, concluimos que la Lcda. Danitza Santiago Ortiz quebrantó los Cánones 9, 12, 18, 19 y 26 del Código de Ética Profesional, infra. En vista de ello, la suspendemos indefinidamente de la profesión legal. De este modo, le recordamos a los miembros de la profesión legal que cumplir con los requerimientos del Tribunal Supremo y de los organismos designados para velar por el cumplimiento de los Cánones de Ética Profesional, infra, no es opción. Asimismo,

insistimos en que todo miembro de la profesión jurídica debe ser celoso guardián de las causas de sus clientes y diligentes con los casos que han decidido atender. Finalmente, debemos reiterar que es altamente impropio imponer condiciones para la entrega del expediente o del dinero del cliente y aún más grave es condicionar esa entrega a un relevo de responsabilidad ética y disciplinaria.

I

El 6 de febrero de 2019, la Sra. Lucila Colón Maldonado (señora Colón Maldonado o promovente) presentó en la Secretaría del Tribunal Supremo la queja AB-2019-0025 en contra de la Lcda. Danitza Santiago Ortiz (licenciada Santiago Ortiz o promovida).[1] La promovente nos indicó que cuatro años antes de haber presentado la queja que nos ocupa, contrató los servicios profesionales de la licenciada Santiago Ortiz. La promovente denunció que hasta la fecha en que presentaba la queja, la abogada no le había ofrecido detalles sobre la tarea para la cual contrató sus servicios. En vista de ello, solicitó la devolución de sus documentos y del dinero ($440) que le había entregado en concepto de servicios no prestados.

---

[1] La Lcda. Danitza Santiago Ortiz fue admitida al ejercicio de la abogacía el 20 de agosto de 2007 y al ejercicio de la notaría el 18 de septiembre del mismo año. **Sin embargo, el 5 de noviembre de 2014 la suspendimos indefinidamente del ejercicio de la notaría por ignorar las órdenes de la Oficina de Inspección de Notarías para que corrigiera serias faltas en su protocolo notarial.** Véase, In re Santiago Ortiz, 191 DPR 950 (2014). También es importante mencionar que el 17 de marzo de 2017, Santiago Ortiz fue referida a un procedimiento por desacato por no subsanar las faltas que la llevaron a ser separada de la notaría.

Como resultado de la presentación de la queja, el 22 de febrero de 2019 la Subsecretaria del Tribunal Supremo remitió a la licenciada Santiago Ortiz copia de la queja presentada y le concedió diez días para que presentara contestación. El 12 de marzo de 2019, la Subsecretaria remitió una segunda notificación a la abogada en la cual le advirtió sobre las repercusiones de su incomparecencia. Luego de haberle concedido un término final de diez días complementarios, la Subsecretaria remitió el asunto a la Oficina del Procurador General (OPG) el 5 de abril de 2019.

La OPG presentó su Informe y recomendó el inicio de un procedimiento disciplinario en contra de la licenciada Santiago Ortiz. Posteriormente, la licenciada Santiago Ortiz presentó su *Contestación al informe del Procurador General* y luego de examinar ambos escritos, ordenamos al Procurador General presentar la querella correspondiente.

En la Querella, la OPG argumentó que la licenciada Santiago Ortiz quebrantó los Cánones 9 y 12 de Ética Profesional, infra, al incumplir injustificadamente con las órdenes del Tribunal Supremo y los requerimientos de la OPG para que contestara y se expresara en cuanto a las alegaciones contenidas en la queja. La OPG también le imputó a la abogada haber violentado los Cánones 18 y 19 de Ética Profesional debido a que no realizó las labores para las cuales la promovente le pagó un depósito y tampoco informó a su clienta sobre los detalles del trámite. Finalmente, la

OPG esbozó que la letrada violó el Canon 26 de Ética Profesional, infra, al intentar evadir su responsabilidad profesional mediante un *Recibo y relevo de responsabilidad*.

En su contestación a la querella, la licenciada Santiago Ortiz reconoció su falta al ineludible deber de ser diligente pero añadió que, según su criterio, no causó daños ni tuvo ánimo de lucro. La letrada solicitó que se tomara en consideración su alegada buena conducta y que devolvió a la promovente la suma de $400.

El 16 de noviembre de 2023, designamos a la Hon. Nereida Cortés González, ex jueza del Tribunal de Apelaciones, como Comisionada Especial para que recibiera la prueba y nos rindiera un informe con las determinaciones de hechos y recomendaciones. La Comisionada Especial encontró como hechos probados que el 14 de junio de 2014 la promovente visitó la oficina de la licenciada Santiago Ortiz y a su solicitud, le entregó $40. Este dinero fue entregado para que la licenciada Santiago Ortiz preparara y remitiera una carta con el propósito de lograr un reclamo extrajudicial. Eventualmente, como el asunto no se pudo resolver por la vía extrajudicial, la promovente le entregó a la letrada $300 para que tramitara el reclamo conforme a la Regla 60 de Procedimiento Civil de 2009, 32 LPRA Ap. V.

La Comisionada también determinó que la señora Colón Maldonado se dirigió algunas veces a la oficina de la promovida para conocer el estado del caso, pero esta le

indicaba que el tribunal aún no había agendado la vista. Asimismo, determinó que la promovente intentaba comunicarse con la letrada mediante llamadas telefónicas y mensajes de texto y las veces que obtenía respuesta, la licenciada Santiago Ortiz le notificaba que aún no habían citado el caso.

La Comisionada Especial encontró como hecho probado que en una ocasión la promovida la citó en la oficina a las 5:00 p.m., pero no la atendió en la oficina, sino que la atendió en la calle. **En esa ocasión, la licenciada Santiago Ortiz le indicó que "iba a cambiar de juez porque el juez que tenía el caso estaba atrasado y no citaba el caso".** Véase, pág. 8 del Informe de la Comisionada Especial. A raíz de esta conversación, la promovida le solicitó a la señora Colón Maldonado otros $100 para someter el caso de nuevo. Transcurrido un término luego de haberle entregado los $100, la promovente se comunicó de nuevo con la licenciada, quien le volvió a decir que no le habían dado la cita para el caso.

Debido a estos actos por parte de la licenciada Santiago Ortiz, los cuales la promovente catalogó como dudosos, la señora Colón Maldonado decidió acudir al Tribunal de Caguas para verificar si su caso se había sometido. En el tribunal le informaron que su caso no se había presentado. Debido a lo anterior, la señora Colón Maldonado manifestó haberse sentido engañada debido a que

la promovida siempre le dijo que sí había presentado su caso pero que no le habían dado cita. A raíz de esto, decidió hacer una carta al Tribunal Supremo para originar el proceso que ahora nos ocupa. Luego de presentada la queja, la promovente recibió una llamada telefónica de la licenciada Santiago Ortiz para citarla en su oficina y devolverle el dinero.

En vista de que la señora Colón Maldonado estaba recuperándose de una operación, no pudo acudir a la oficina. Por esa razón, la licenciada se presentó en su casa. Allí le entregó $400 y le solicitó que firmara un documento como recibo y le preguntó si estaba interesada en la queja. La promovente le respondió que no estaba interesada en la queja, pues lo que quería era que se le devolviera el dinero para poder presentar el caso correctamente por conducto de otro abogado. Como resultado de esa respuesta, la abogada promovida le entregó una carta recibo en donde incluyó un relevo de responsabilidad y la solicitud de archivo de la queja que se había instado en su contra.[2]

---

[2] La carta que la licenciada Santiago Ortiz preparó y le llevó impresa a la promovente mientras se encontraba convaleciendo para que la firmara, estaba intitulada como "recibo y relevo de responsabilidad" y decía lo siguiente:

> Yo, LUCILA COLÓN MALDONADO, por la presente acuso recibo de la cantidad de $400.00 por concepto de depósitos entregados a la Lcda. Danitza Santiago Ortiz.
>
> Que por la presente relevo además, a la Lcda. Danitza Santiago Ortiz de cualquier reclamación o responsabilidad relacionada a la entrega de dicho depósito y la eventual contratación.
>
> Que, además, solicito el archivo de la queja presentada el pasado 6 de febrero de 2019 (AB-2019-25).
>
> En Caguas, Puerto Rico, a 5 de marzo de 2019.

II

El Código de Ética Profesional, 4 LPRA Ap. IX, instituye los preceptos mínimos de conducta que gobiernan la profesión legal. El propósito de este cuerpo normativo es promover los más altos principios éticos en beneficio de los clientes, de la profesión, de la sociedad y de las instituciones de justicia. In re Vilches López, 196 DPR 479 (2016). De esta forma, el Código de Ética Profesional, supra, preceptúa las normas de conducta que deben regir las actuaciones de los miembros de la clase togada en el desempeño de sus funciones. In re García Suárez, 2024 TSPR 49, 213 DPR __ (2024). In re García Pérez, 211 DPR 638 (2023).

En el ejercicio de nuestro poder inherente para regular la abogacía en Puerto Rico, tenemos la obligación de asegurar que los miembros admitidos al ejercicio de la profesión legal realicen sus funciones de manera responsable, competente y diligente. In re José A. Soto Peña, 2024 TSPR 23, 213 DPR __; In re Rivera Justiniano, 212 DPR 385, 402 (2023).

Además, el Canon 9 del Código de Ética Profesional, supra, exige que los integrantes de la profesión jurídica se conduzcan ante los tribunales con una conducta que se

_____

FIRMA
LUCILA COLÓN MALDONADO
Villa Nueva Calle 2, L-23
Caguas, Puerto Rico 00727
**Véase, exhibit V (c) del informe conjunto.**

caracterice por el mayor respeto y diligencia. In re Lajara Radinson, 207 DPR 854, 863 (2021); In re Cintrón Rodríguez, 205 DPR 299, 308 (2020). Hemos manifestado que cuando un abogado desatiende e ignora nuestros requerimientos refleja indisciplina, desobediencia y falta de respeto hacia la autoridad, además de que demuestra "una gran fisura del buen carácter que debe exhibir todo integrante de la profesión legal". In re Jiménez Meléndez, 198 DPR 453, 457 (2017); In re Ortiz Medina, 198 DPR 26, 31 (2017).

Según lo antes expresado, hemos catalogado la desatención de los abogados a nuestras órdenes como "una afrenta a la autoridad de los tribunales", lo que se traduce en una violación del Canon 9 del Código de Ética Profesional, supra. In re López Pérez, 201 DPR 123, 126 (2018). Al respecto, hemos reiterado que esta conducta es suficiente para decretar la separación inmediata e indefinida de la abogacía y la notaría. In re Pérez Fernández, 2024 TSPR 42, 213 DPR __ (2024).

Como corolario del respeto profundo que deben tener los abogados hacia los foros judiciales, el Canon 9 exige que los letrados comparezcan a tiempo a los tribunales y atiendan diligentemente cualquier requerimiento u orden emitida. In re Rodríguez Lugo, 201 DPR 729, 736 (2019); In re Rivera Navarro, 193 DPR 303, 311-312 (2015). En vista de esto, el Canon 9 de Ética Profesional, supra, aplica de forma aún más directa cuando se trata de procesos

disciplinarios pues en estos, los integrantes de la profesión legal tienen el deber de responder diligente y oportunamente. In re Meléndez Mulero, 208 DPR 541 (2022); In re Lajara Radinson, 207 DPR 854 (2021). En resumidas cuentas, ignorar nuestros requerimientos en el curso de un procedimiento disciplinario, denota indisciplina, falta de respeto y contumacia hacia las autoridades, y esto choca con el carácter de responsabilidad que todo miembro de la profesión legal debe mostrar. In re Jiménez Meléndez, 198 DPR 453, 457 (2017).

Asimismo, el Canon 12 del Código de Ética Profesional, supra, le impone a todo abogado el deber de ser conciso y exacto en el trámite y presentación de las causas de sus clientes. Para cumplir con ese deber, el canon establece que "el abogado deberá desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en la tramitación y solución de las causas en las que fueron contratados". Véase el Canon 12 del Código de Ética Profesional, supra. Esto implica que un letrado está obligado a realizar todas las diligencias necesarias para asegurarse de no causar demoras indebidas en el trámite de las causas que le fueron encomendadas. In re Lugo Quiñones I, 206 DPR 1 (2021). Lo anterior forma parte del deber fundamental y básico que tienen los abogados para con sus clientes. In re Lugo Quiñones I, supra; In re Rodríguez Lugo, 201 DPR 729 (2019). A la luz de lo anteriormente

expuesto es indudable que, el deber de diligencia profesional es incompatible con la desidia, despreocupación, inacción y displicencia. In re Rivera Ortiz, 2023 TSPR 141, 213 DPR __ (2023).

Por su parte, el Canon 18 del Código de Ética Profesional, supra, expresa que "será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea, competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia". También añade que "es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable". Íd. En virtud del Canon 18, también hemos exigido a los abogados que sean celosos, cuidadosos y diligentes en los trámites judiciales que les han sido encomendados. In re Cardona Estelritz, 201 DPR 607 (2018). Si el comportamiento de un letrado exhibe una conducta negligente que pueda acarrear o, en efecto acarree, la desestimación de un caso, este infringe automáticamente los preceptos del Canon 18 de Ética Profesional, supra. In re Rivera Nazario, 193 DPR 573 (2015). Por esto, hemos sancionado como violaciones a este deber de diligencia el desatender o abandonar el caso, permitir que expire el

término prescriptivo o jurisdiccional de una acción, y cualquier tipo de actuación negligente que puede conllevar o, en efecto, resulte en la desestimación o archivo del caso. In re Rivera Ortiz, supra. Véase también In re Collazo I, 159 DPR 141 (2003).

El Canon 18, supra, exige al abogado rendir una labor idónea, competente, diligente, oportuna y sin dilaciones. In re Sánchez Pérez, 210 DPR 235, 263 (2022). En virtud del mandato establecido en el Canon 18, supra, hemos establecido que "no se puede esperar menos de los miembros de la profesión legal pues cualquier acto de desidia, despreocupación y displicencia por parte de un abogado al atender los asuntos encomendados por su cliente resulta incompatible con la profesión que han decidido ejercer". In re Miranda Daleccio, 193 DPR 753, 762 (2015).

Es importante enfatizar que el deber de diligencia que exige el Canon 18, supra, genera una obligación tanto para sus clientes como ante los tribunales en la administración de la justicia. In re Rivera Nazario, supra, pág. 583. Incluso, hemos enfatizado que "las situaciones personales, los problemas matrimoniales o familiares, así como los padecimientos de salud no justifican desatender las responsabilidades éticas que rigen la profesión legal en nuestra jurisdicción". In re Rivera Justiniano, supra, pág. 402.

Del mismo modo hemos expresado que en la relación abogado-cliente es fundamental el deber de mantener al cliente informado. El Canon 19 del Código de Ética Profesional, supra, establece que "el abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". Cuando el abogado desatiende los reclamos de información que le hace el cliente, no le mantiene al tanto del estado de los procedimientos o le niega información, se aparta del Canon 19. In re Lugo Quiñones I, supra; In re Vázquez Bernier, 198 DPR 459 (2017); In re Reyes Coreano, 190 DPR 739 (2014). El Canon 19, supra, también exige que los abogados le informen a sus representados sobre las gestiones que han realizado, y cumplan las directrices del cliente "siempre y cuando se encuentren dentro del marco ético". In re Rosario Vázquez, 197 DPR 237, 248 (2017). Asimismo, "todo abogado debe tener en cuenta que el caso pertenece al cliente, por lo que éste tiene derecho a mantenerse informado de todos los asuntos y las gestiones importantes que ocurran en la tramitación". In re Rosario Vázquez, supra, pág. 249.

Finalmente, debemos resaltar la prohibición impuesta por el Código de Ética Profesional, supra, para realizar una transacción en el ámbito de la jurisdicción disciplinaria. Véase, In re Pagán Ayala, 117 DPR 180 (1986). Sobre este particular, es importante remitirnos al Canon 26

del Código de Ética Profesional, supra, el cual establece que "es impropio de un abogado relevarse de responsabilidad por actos u omisiones negligentes en su gestión profesional". No obstante, en In re Pagán Ayala, supra, aclaramos que el texto del Canon 26 del Código de Ética Profesional, supra, no impide que un abogado informe y acepte ante su cliente responsabilidad por errores y omisiones atribuibles a su persona. In re Pagán Ayala, supra, pág. 185. Por el contrario, la prohibición contenida en el Canon 26, supra, está dirigida a evitar que el abogado se exonere contractualmente o intente evadir su responsabilidad disciplinaria por mala práctica profesional. Íd., pág. 186. El Canon 26 del Código de Ética Profesional, supra, tampoco le impide a un abogado que haya incurrido en negligencia, indemnizar extrajudicialmente al perjudicado. Íd. Simplemente prohíbe que, al hacerlo, pretenda evadir la responsabilidad ética. Íd.

En virtud de lo anteriormente expuesto, reafirmamos que de ninguna forma el abogado puede, al transigir con su cliente la acción civil en daños por mala práctica profesional, establecer como condición que no se presente o se retire una queja por violación ética en su contra. Esta decisión, aunque el daño haya sido satisfecho y reparado, descansa en el criterio sano y prudente del perjudicado. Véase, In re Pagán Ayala, supra, pág. 187. A fin de cuentas, el ejercicio final de nuestra jurisdicción disciplinaria no

puede ser preterido en virtud de un acuerdo entre el abogado y el cliente. Véase In re Franco Rivera, 203 DPR 770, 778 (2019).

Establecido el marco doctrinario relacionado a los Cánones del Código de Ética Profesional, supra, pertinentes a la querella ante nuestra consideración, pasemos a disponer de la misma.

III

La Comisionada Especial, a quien le brindamos gran deferencia, determinó que en este proceso disciplinario se presentó prueba clara, robusta y convincente que apoya los cinco cargos presentados por la OPG contra la licenciada Santiago Ortiz. La Comisionada Especial señaló que en la *Moción en torno a atenuantes* presentada por la letrada esta explicó que ha expresado sus disculpas sinceras, que goza de excelente reputación en la comunidad, entre sus clientes y compañeros de profesión, que no hubo ánimo de lucro en su acción, y que devolvió los $400. También expresó que actuaciones como esta no se repetirán.

Sin embargo, como respuesta a la antedicha moción, la OPG expresó que si bien es cierto que la licenciada devolvió los $400, **lo hizo cuatro años después de la contratación y luego de que se presentó la queja en su contra**. La OPG también expuso que la querellada no presentó prueba testifical ni documental sobre su reputación. Si acaso, lo que pudo probarse en contra de la licenciada Santiago Ortiz

es que se han presentado quejas previas que han dado paso a sanciones por nuestra parte.[3]

Ante la postura de la OPG, la Comisionada Especial determinó que del expediente no surgió prueba sobre la buena reputación de la letrada. Según la Comisionada, lo que sí se pudo comprobar del expediente es que tres clientes de la querellada decidieron acudir al Tribunal Supremo para instar quejas bajo juramento en su contra por conducta similar a la que dio lugar a esta querella y dos de ellas concluyeron en censuras. Lo anterior demuestra que no se trata de una situación excepcional o aislada, sino que evidencia un patrón manifiesto de conducta contraria al Código de Ética Profesional por parte de la querellada. Esta determinación de la Comisionada Especial nos impide concluir que los actos de la licenciada Santiago Ortiz no volverán a repetirse.

En cuanto a la devolución de los $400, es importante subrayar —tal y como lo hizo la Comisionada Especial— que no se trató de una devolución voluntaria. La entrega del dinero fue una reacción a la presentación de la queja y luego de haber hecho caso omiso a los múltiples requerimientos de la Subsecretaria del Tribunal para que atendiera los señalamientos de la querellante. Además, es importante recordar que a la querellada no le bastó con proveer un recibo para evidenciar la devolución del dinero, sino que ató esa devolución a su propio relevo de

---

[3] Véanse AB 2017-0256 por violación a los Cánones 9 y 12 y AB 2018-0057 por violaciones a los Cánones 9, 12, 18, 19 y 23.

responsabilidad y a la solicitud de archivo de la queja que se había instado en su contra. Ante este cuadro fáctico, coincidimos con la Comisionada Especial a los fines de que no podemos darle mucho peso a la devolución de los honorarios pues esto ocurrió luego de haberse presentado la queja en su contra y con una condición que infringe el Canon 26 del Código de Ética Profesional, supra. La licenciada Santiago Ortiz no puso a la Comisionada Especial en posición de considerar su buena reputación debido a que no es la primera vez que la querellada incurre en este tipo de conducta. Tampoco resulta posible concluir que la actuación de la querellada no tuvo efectos negativos pues no existe duda de que postergar por cuatro años la causa de acción de su clienta se considera de por sí un efecto negativo. En suma, la querellada no logró probar atenuantes. Tampoco obra en el expediente alguna prueba que nos mueva a concluir algo distinto a lo que concluyó la Comisionada.

Las actuaciones por parte de la letrada Santiago Ortiz en este caso provocaron que, por cuatro años, la querellante no lograra resolver el asunto para el cual contrató y le pagó a la letrada. Por cuatro años, la licenciada Santiago Ortiz mantuvo un patrón de mentira y engaño en contra de la señora Colón Maldonado y no realizó las labores delegadas. Las actuaciones de la querellada quebrantaron los principios básicos que un miembro de nuestra profesión debe seguir. No solamente hizo eso, sino que, —a modo de excusa— desacreditó

el honor del Tribunal de Primera Instancia al decir que la causa de acción no había tenido avance por culpa de un juez. El acto de mentirle a su clienta, ignorarla y nunca realizar las labores para las que fue contratada, es suficiente para concluir que se ha incurrido en una falta seria. Sin embargo, decirle que la tardanza fue culpa del juez y del Tribunal de Primera Instancia, denota una más grave desviación hacia los Cánones de Ética Profesional y de las aptitudes morales mínimas que debe poseer un abogado. El asunto se agrava si recordamos que esta mentira fue utilizada para que la licenciada Santiago Ortiz le solicitara a la señora Colón Maldonado $100 adicionales para presentar el caso nuevamente, gestión que nunca realizó.

La licenciada Santiago Ortiz empeoró su falta al condicionar la entrega del dinero al relevo de responsabilidad ética. Al hacerlo, ignoró nuestros reiterados pronunciamientos que establecen que, cuando un cliente solicita la renuncia de un letrado, este debe inmediatamente devolver todo documento y dinero adelantado por concepto de honorarios por servicios no realizados. Es decir, con el simple acto de condicionar la entrega del dinero, ya la licenciada Santiago Ortiz le faltó a su clienta y quebrantó el Código de Ética Profesional. Sin embargo, su acto de condicionar la devolución del dinero es aún más reprochable debido a que se aprovechó de la buena fe de la querellante para solicitarle un relevo de

responsabilidad ética a cambio de su dinero. Esta conducta, más allá de estar prohibida por el Canon 26 de ética profesional, atenta en contra de nuestro poder inherente para regular la profesión legal. Cualquier abogado mínimamente diligente, debe saber que condicionar la devolución del dinero del cliente a una firma para relevarle de responsabilidad ética, fractura el deber profesional que tienen los abogados de actuar con su mayor capacidad, lealtad y honradez.

En conclusión, la licenciada Santiago Ortiz mancilló la reputación de los tribunales, engañó a su clienta, condicionó la entrega de su expediente y su dinero y le exigió que desistiera de la queja ética. Al así actuar, la licenciada Santiago Ortiz injurió y deshonró gravemente los preceptos establecidos en el Código de Ética Profesional. **Por esa razón, amerita una suspensión indefinida de la abogacía. Al tomar esta determinación, pesa en nuestro criterio que existen dos quejas previas en el expediente de la letrada por la misma conducta que hoy le provocó la separación indefinida de la abogacía y su previa separación del ejercicio de la notaría.** Debido a su historial y debido a la conducta probada por la Comisionada Especial en la controversia que nos ocupa, concluimos que la querellada ha demostrado falta de aptitud para trabajar en esta solemne profesión.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata del ejercicio de la abogacía de la Sra. Danitza Santiago Ortiz de manera indefinida. Como consecuencia de lo anterior, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier dinero recibido en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes.

Por último, le ordenamos a la señora Santiago Ortiz que acredite a este Tribunal el cumplimiento con lo aquí ordenado, y nos remita una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. **La separación de la profesión no es excusa para incumplir con este mandato y su incumplimiento será considerado si en algún momento la señora Santiago Ortiz decide solicitar la reinstalación de su licencia para practicar la profesión.**

Notifíquese esta Opinión *Per Curiam* y Sentencia a la señora Santiago Ortiz por medio de su correo electrónico registrado en el Registro Único de Abogados y Abogadas de

Puerto Rico (RUA). El recibo de esta notificación será confirmado por la vía telefónica.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Danitza Santiago Ortiz
    (TS-16,520)               CP-2020-0011



SENTENCIA

En San Juan, Puerto Rico, a 5 de diciembre de 2024.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, decretamos la suspensión inmediata del ejercicio de la abogacía de la Sra. Danitza Santiago Ortiz de manera indefinida. Como consecuencia de lo anterior, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier dinero recibido en honorarios por los servicios no rendidos. Se le impone también la obligación de informar inmediatamente su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes.

Por último, le ordenamos a la señora Santiago Ortiz que acredite a este Tribunal el cumplimiento con lo aquí ordenado, y nos remita una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. **La separación de la profesión no es excusa para incumplir con este mandato y su incumplimiento será considerado si en algún momento la señora Santiago Ortiz decide solicitar la reinstalación de su licencia para practicar la profesión.**

Notifíquese esta Opinión *Per Curiam* y Sentencia a la señora Santiago Ortiz por medio de su correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA). El recibo de esta notificación será confirmado por la vía telefónica.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo