EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2025 TSPR 40 |
| Naida Galarza Colón | 215 DPR ___ |

Número del Caso: TS-14,252

Fecha: 21 de abril de 2025

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por incumplimiento con las órdenes del Tribunal Supremo.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>Naida Galarza Colón | TS-14,252 | |

PER CURIAM

En San Juan, Puerto Rico, a 21 de abril de 2025.

Una vez más, tenemos la obligación de sancionar la falta de diligencia desplegada por un miembro de la profesión legal con respecto a nuestras órdenes durante la fase investigativa de un procedimiento disciplinario. En consideración al grado de desatención y desidia demostrado por la Lcda. Naida Galarza Colón (licenciada Galarza Colón), este Tribunal la suspende de forma inmediata e indefinida del ejercicio de la abogacía y la notaría. A continuación, describiremos la conducta que nos condujo a tal desenlace.

I

El 19 de agosto de 2024, el Sr. Ángel I. López Santiago (señor López Santiago) presentó una Queja en contra de la licenciada Galarza Colón.[1] En esta, indicó que, en el 2009, contrató a la licenciada Galarza Colón con el fin de que preparara la escritura para la inscripción de un terreno cuyos planos de segregación habían sido aprobados en el

---

[1] La licenciada Galarza Colón fue admitida al ejercicio de la abogacía el 28 de enero de 2003.

1994. Relató que no fue hasta el 2014 que la letrada presentó la documentación ante el Registro de la Propiedad y que, en el 2019, se enteró que esta no sería inscrita debido a que faltaban documentos.

El señor López Santiago sostuvo que la licenciada Galarza Colón indicó que trabajaría en el asunto, pero que, cuando volvió a comunicarse para conocer del estado del trámite, esta le informó que necesitaba la ratificación de unos poderes por parte del Tribunal. Añadió que, en el 2022, luego de que el Tribunal de Primera Instancia le notificara que no podía conceder su solicitud, la letrada se comprometió a continuar con el trámite, pero, un año después, el Registro de la Propiedad informó al señor López Santiago que el documento tenía las mismas faltas que habían sido señaladas en el 2014. Expresó que, por casi una década y media, la licenciada Galarza Colón le había ofrecido un sin número de excusas para la dilación del trámite y que ello había afectado su capacidad para vender el terreno.[2]

_____

[2]Previo a la presentación de la Queja que hoy nos ocupa, el 7 de agosto de 2024, el Sr. Félix C. Díaz Rivera y el Sr. Marcos A. Santiago Santiago presentaron una queja cada uno en contra de la licenciada Galarza Colón, relacionadas, respectivamente, con escrituras que no fueron inscritas y con casos civiles a los que no se les dio seguimiento, ambos seguidos por problemas para contactar a la letrada. Estas fueron identificadas con los alfanuméricos AB-2024-0172 y AB-2024-0173. El 4 de octubre de 2024, la licenciada Galarza Colón contestó a ambas Quejas de forma idéntica, expresando que había contratado a una abogada para que manejara los casos de ratificación de segregación, pero que esta renunció, y que al momento estaba tratando de conseguir a otro letrado que asumiera estos casos, pues ya tenía planes de retirarse por razones de salud.

El 25 de septiembre de 2024, la licenciada Galarza Colón fue informada de la Queja presentada en su contra y de que contaba con un término de diez (10) días para presentar su contestación. Transcurrido ese término sin respuesta alguna, el 17 de octubre de 2024, se le concedieron diez (10) días adicionales para que contestara.

En ausencia de una respuesta, el 21 de noviembre de 2024, este Tribunal emitió una Resolución en la cual se concedió un término de diez (10) días para que la licenciada Galarza Colón mostrara causa por la que no debía ser suspendida de la profesión por incumplir con nuestras órdenes.[3]

Ante su incomparecencia continua, el 17 de enero de 2025, emitimos una Resolución en la que nuevamente concedimos diez (10) días para que mostrara causa por la que no debía ser suspendida de la abogacía. Esta fue notificada personalmente y se desprende del expediente fue recibida por el hijo de la licenciada Galarza Colón, el Sr. Joel A. Monera Galarza, el 29 de enero de 2024.[4]

---

[3]Según surge del expediente de la licenciada Galarza Colón, el 22 de noviembre de 2024, esta presentó una Solicitud de cambio de estatus de abogada inactiva en el RUA. En esta también expresó que había solicitado la cesación de su práctica notarial.

[4]Posterior al asunto ante nuestra consideración, fueron presentadas cuatro (4) Quejas adicionales en contra de la licenciada Galarza Colón, a saber, AB-2024-0207, AB-2025-0014, AB-2025-0015 y AB-2025-0019. La primera de estas está relacionada con una escritura de compraventa a la que le fueron señaladas deficiencias que la letrada no corrigió y con los intentos infructuosos del promovente para comunicarse con esta. De forma similar a los hechos en

A la luz del cuadro fáctico antes reseñado, y en consideración al hecho de que, transcurrido en exceso los términos concedidos, a la fecha de esta Opinión Per Curiam la licenciada Galarza Colón aún no ha cumplido con las órdenes del procedimiento disciplinario de este Tribunal, procedemos a sancionarle conforme al estado de Derecho que examinaremos a continuación.

## II

Conforme lo ha reiterado este Tribunal en innumerables ocasiones, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, exige que todos los miembros de la profesión "observ[en] para con los tribunales una conducta que se caracterice por el mayor respeto". De acuerdo con este mandato, las abogadas y los abogados tienen el "deber de cumplir pronta y diligentemente todos nuestros requerimientos y órdenes, pues su desatención constituye un desafío a nuestra autoridad". In re Malavé León, 211 DPR 971, 977 (2023). Este canon aplica "especialmente cuando se trata de procesos disciplinarios" mediante los cuales "los integrantes de la profesión legal tienen el deber de responder diligente y oportunamente a nuestros requerimientos y órdenes". In re Meléndez Mulero, 208 DPR 541, 550 (2022).

_____

cuestión, este Tribunal emitió dos (2) Resoluciones que fueron desatendidas por la licenciada Galarza Colón, la última de estas diligenciada personalmente, y recibida y firmada por esta. Las Quejas más recientes tienen que ver con un pleito sobre título de propiedad que fue desestimado por la falta de diligencia de la licenciada Galarza Colón.

De la misma forma, hemos establecido que el deber de conducirse con el mayor de los respetos para con los tribunales no se limita solo a las órdenes emitidas por este Tribunal, sino que se extiende a los requerimientos de nuestros brazos operacionales que intervienen en el proceso disciplinario. In re Alers Morales, 204 DPR 515, 519 (2020).

"[D]esatender los requerimientos realizados en el curso de un procedimiento disciplinario denota indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia las autoridades, y revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal". In re Jiménez Meléndez, 198 DPR 453, 457 (2017). Tal falta ética es independiente de los méritos que pueda tener la queja presentada contra el abogado y es suficiente para decretar la separación inmediata e indefinida de la profesión. In re Cardona Estelritz, 212 DPR 649 (2023).

Expuesto el cuadro normativo que rige la controversia ante nos, procedemos entonces a evaluar bajo este crisol la conducta de la licenciada Galarza Colón.

### III

Según se indicó, la licenciada Galarza Colón fue ordenada a responder a la Queja que el señor López Santiago presentó en su contra por, en síntesis, fallar en presentar una escritura ante el Registro de la Propiedad desde el 2009.

A partir de los hechos descritos, la licenciada Galarza Colón ha sido objeto de seis (6) Quejas adicionales

por actos de dilación y desatención similares en el diligenciamiento de escrituras y casos ante el Tribunal. Además, la licenciada Galarza Colón ha sido notificada personalmente de dos (2) Resoluciones de este Tribunal exigiendo su comparecencia al trámite disciplinario so pena de suspensión, una de estas recibida por su hijo y la otra por ella misma, y en ambas ocasiones ha hecho caso omiso de nuestras órdenes.

Transcurridos tres (3) meses desde nuestra última orden sin respuesta alguna por parte de esta, el cuadro fáctico antes descrito demuestra un incumplimiento voluntario, reiterado y deliberado por parte de la licenciada Galarza Colón con las órdenes de este Tribunal, provocando de esta forma una dilación intolerable en nuestra función disciplinaria. En vista de este patrón de desobediencia, el cual se magnifica al considerar que ha recibido personalmente nuestras comunicaciones y que solicitó la inactivación de su estatus profesional en medio de todos los trámites disciplinarios antes mencionados, se configuró inequívocamente una violación al Canon 9 del Código de Ética Profesional, supra. Ello, sin lugar a duda, amerita la suspensión inmediata e indefinida de la licenciada Galarza Colón de la práctica de la abogacía y la notaría.

**IV**

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente a la Lcda. Naida Galarza Colón del ejercicio de la abogacía y la notaría.

En virtud de tal suspensión, le imponemos el deber de, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia, certificar que notificó a todos sus clientes de su incapacidad para continuar con su representación, que devolvió los expedientes y los honorarios recibidos por trabajos no rendidos en los casos pendientes, y que informó de su inhabilidad para ejercer la profesión a los foros judiciales y administrativos en los que tenga un caso pendiente. A esos fines, deberá acreditar y certificar ante este Tribunal, dentro del término conferido, el cumplimiento con lo anterior. Se le advierte que hacer caso omiso a lo aquí ordenado pudiera conllevar que, de solicitarlo en un futuro, no se le reinstale al ejercicio de la abogacía.

Asimismo, se le ordena al Alguacil de este Foro incautar inmediatamente la totalidad de la obra y el sello notarial de la Lcda. Naida Galarza Colón y entregarlos al Director de la Oficina de Inspección de Notarías para el examen e informe correspondiente. En virtud de su suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese esta Opinión <u>Per Curiam</u> y <u>Sentencia</u> a la Sra. Naida Galarza Colón personalmente, mediante correo postal y al correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:              |            |
| ------------------- | ---------- |
| Naida Galarza Colón | TS-14,252  |

SENTENCIA

En San Juan, Puerto Rico, a 21 de abril de 2025.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente a la Sra. Naida Galarza Colón del ejercicio de la abogacía y la notaría.

En virtud de tal suspensión, se le impone el deber de, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión Per Curiam y Sentencia, certificar que notificó a todos sus clientes de su incapacidad para continuar con su representación, que devolvió los expedientes y los honorarios recibidos por trabajos no rendidos en los casos pendientes, y que informó de su inhabilidad para ejercer la profesión a los foros judiciales y administrativos en los que tenga un caso pendiente. A esos fines, deberá acreditar y certificar ante este Tribunal, dentro del término conferido, el cumplimiento con lo anterior. Se le advierte que hacer caso omiso a lo aquí ordenado pudiera conllevar que, de solicitarlo en un futuro, no se le reinstale al ejercicio de la abogacía.

Asimismo, se le ordena al Alguacil de este Foro incautar inmediatamente la totalidad de la obra y el sello notarial de la Sra. Naida Galarza Colón y entregarlos al Director de la Oficina de Inspección de Notarías para el examen e informe correspondiente. En virtud de su suspensión inmediata del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. La fianza se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese esta Opinión <u>Per Curiam</u> y <u>Sentencia</u> a la Sra. Naida Galarza Colón personalmente, mediante correo postal y al correo electrónico registrado en el Registro Único de Abogados y Abogadas de Puerto Rico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo