EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2025 TSPR 59 |
| | |
| Santos M. Rivera Estrella | 215 DPR ___ |

Número del Caso: TS-7,809

Fecha: 22 de mayo de 2025

Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la notaría por su reiterado incumplimiento con los requerimientos de la Oficina de Inspección de Notarías.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Santos M. Rivera Estrella      TS-7809     Conducta Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 22 de mayo de 2025.

Nuevamente, nos vemos precisados a ejercer nuestra facultad disciplinaria para suspender al Lcdo. Santos M. Rivera Estrella (licenciado Rivera Estrella o notario) de manera inmediata e indefinida del ejercicio de la notaría por su reiterado incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN).

**I**

El licenciado Rivera Estrella fue admitido al ejercicio de la abogacía el 28 de diciembre de 1983 y prestó juramento como notario el 17 de febrero de 1984. El 28 de abril de 2025, el Lcdo. Manuel E. Ávila De Jesús (Director de la ODIN), presentó un

*Informe especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios* (Informe). Según surge del Informe, el 7 de febrero de 2023, la ODIN notificó al notario sobre el comienzo del proceso de inspección de su obra protocolar,[1] el cual se realizaría en su sede notarial los días 12, 13 y 14 de abril de 2023 y estaría a cargo del Lcdo. José R. Santiago Rodríguez, Inspector de Protocolos y Notarías (Inspector).[2]

Finalizado el proceso de examen y reinspección de la obra notarial, el 18 de enero de 2024, el Inspector presentó ante el Director de la ODIN un *Informe de deficiencias de la obra notarial del Lcdo. Santos Manuel Rivera Estrella, notario número 7809*. En éste señaló que, tras la entrega del correspondiente informe de señalamientos, el Inspector y el licenciado Rivera Estrella acordaron realizar la reinspección de la obra el 27 de octubre de 2023, pero esta fecha fue reprogramada para el 29 de noviembre de 2023 a solicitud del notario.

El Inspector señaló, además, que llegada la fecha de reinspección, pudo constatar que el licenciado Rivera Estrella no había realizado gestión afirmativa alguna para subsanar las deficiencias señaladas, aspecto que, según adujo, fue admitido por éste. Asimismo, indicó que

---

[1] La obra protocolar que se encontraba pendiente de examen correspondía a los años naturales 2017 al 2022. *Informe especial sobre incumplimiento de la corrección de deficiencias notificadas y en solicitud de remedios*, pág. 1.

[2] Cabe señalar que la inspección inicial de la obra notarial discurrió desde el 12 de abril de 2023 hasta el 9 de agosto de 2023. Íd., pág. 2.

procedió a repasar con el notario los señalamientos realizados en su informe, le explicó, nuevamente, el trámite que debía encaminar para subsanar su obra, y lo asistió en la corrección de aspectos mínimos relacionados con las notas de saca y contrarreferencia y los folios que debían ser estampados con su sello notarial.

En esa línea, la reunión para la reinspección final de la obra notarial fue reseñalada para el 18 de enero de 2024. No obstante, llegada la referida fecha, el Inspector notó, una vez más, que el licenciado Rivera Estrella no había trabajado en el proceso de subsanación de la obra examinada. Según el notario, éste no había trabajado en el proceso de subsanación debido a que, presuntamente, llevaba cuatro (4) meses con una tos seca que no mejoraba.

Con el propósito de concederle una oportunidad al licenciado Rivera Estrella para completar la subsanación de la obra notarial, el Director de la ODIN le curso una misiva en la que le concedió un término de quince (15) días calendario para reaccionar en torno a las serias deficiencias identificadas en la obra notarial conformada entre el 2017 al 2022. También, le solicitó al notario que certificara la cancelación de la deficiencia arancelaria notificada por $1,082.00 y se le apercibió que su incumplimiento con lo solicitado conllevaría elevar el asunto ante la consideración de este Tribunal para el proceso disciplinario de rigor.

El 5 de febrero de 2024, el licenciado Rivera Estrella remitió un comunicado al Director de la ODIN, en el cual le expresó, en lo pertinente, que: (1) aceptaba los señalamientos del Inspector; (2) certificaba haber cancelado la deficiencia arancelaria notificada; (3) solicitó los servicios de una notaria para asistirle en el proceso de subsanación; (4) enfrentó ciertos eventos y condiciones de salud que incidieron en el proceso de subsanación, y (5) solicitaba la concesión de un término adicional de sesenta (60) días para completar el trámite. Al día siguiente, el Director de la ODIN acusó recibo de la carta y, entre otras cosas, le concedió al notario un término adicional de treinta (30) días para atender los señalamientos. Además, le adelantó que el Inspector se comunicaría con éste para coordinar una nueva fecha de reinspección final.

El 20 de agosto de 2024, el Inspector remitió ante la consideración del Director de la ODIN un *Informe de estatus de subsanación de deficiencias de la obra notarial del Lcdo. Santos Manuel Rivera Estrella […]*. En su escrito, el Inspector señaló que subsistían un total de cincuenta (50) instrumentos públicos que debían rectificarse y ratificarse, pues el licenciado Rivera Estrella los autorizó sin contar con una *Resolución* sobre declaratoria de herederos o con la planilla de relevo de caudal hereditario. Por otro lado, el Inspector hizo constar que existían: (1) instrumentos que debían ser ratificados por los cónyuges de las partes otorgantes, pues fueron omitidos

en la autorización del negocio jurídico; (2) instrumentos en los cuales se omitió expresar el número de catastro de la propiedad inmueble, la hora del otorgamiento o la información sobre la adquisición del bien inmueble objeto de transacción; (3) instrumentos autorizados sobre rectificación y ratificación en los cuales no comparecieron las partes otorgantes y para los que se otorgaron incorrectamente actas de subsanación; (4) poderes duraderos que debían ser ratificados por las partes otorgantes debido a que se omitió información referente a la residencia principal y a la advertencia del proceso de autorización judicial, y (5) múltiples negocios jurídicos ineficaces por no acreditar la facultad representativa de la parte compareciente que suscribe el instrumento público en sustitución de la parte otorgante.

El 25 de septiembre de 2024, el Director de la ODIN le cursó al notario una comunicación titulada *Término final para subsanar obra notarial examinada (requerimiento notificación al notario)* mediante la cual le expresó que, transcurrido poco más de cinco (5) meses desde que venció el término originalmente concedido para completar el proceso de subsanación de la obra notarial, la misma no podía ser aprobada. En cuanto al Libro de Registro de Testimonios, le informó que tampoco podía ser aprobado debido que se identificaron varios asientos de documentos legitimados sobre compraventa, los cuales constituían transacciones contrarias a derecho. Finalmente, se le requirió al licenciado Rivera Estrella certificar, en el

término de diez (10) días calendario, que había culminado el proceso de subsanación.

El 9 de octubre de 2024, el notario remitió una comunicación al Director de la ODIN, en la cual aceptó su incumplimiento con el término concedido para contestar debido a razones de salud e indicó que muchos de los instrumentos públicos que debían ser atendidos fueron autorizados posterior al paso del Huracán María. No obstante, el licenciado Rivera Estrella no se expresó en cuanto al proceso de subsanación de los señalamientos hechos por el Inspector en el informe del 20 de agosto de 2024.

El 10 de marzo de 2025, el Inspector presentó un *Segundo informe de deficiencias en la obra notarial del Lcdo. Santos Manuel Rivera Estrella, notario número 7809*, en el que, en resumen, acreditó haber concedido al notario una última oportunidad para subsanar las deficiencias y haber señalado la reinspección final de su obra notarial para el 27 de febrero de 2025. Empero, el licenciado Rivera Estrella no compareció a la reunión y tampoco excusó su incomparecencia. Así las cosas, el Inspector reiteró que subsistían los mismos señalamientos notificados en el informe del 20 de agosto de 2024 y una deficiencia arancelaria preliminarmente estimada en $179.50. Además, indicó que: (1) no se habían podido aprobar los volúmenes del Libro de Registro de Testimonios por existir once (11) asientos donde se legitiman negocios jurídicos sobre transferencias de titularidad de bienes inmuebles

(compraventas, transferencias de derechos o participaciones hereditarias), así como una posible deficiencia arancelaria que no ha podido ser estimada; (2) que el notario alegó una divergencia de criterio en cuanto a un señalamiento hecho en cinco (5) instrumentos públicos sobre donación, en los cuales no se valoraron unos usufructos reconocidos en las transacciones, y (3) la obra notarial del 2017 al 2023 permanecía sin ser aprobada ante la falta de diligencia mostrada por el licenciado Rivera Estrella.

En cuanto a la obra autorizada desde el 2024 hasta el presente, el Director de la ODIN indicó que: (1) a octubre de 2024, el notario había autorizado cuarenta y dos (42) instrumentos públicos y legitimado ciento dieciocho (118) documentos privados que no han podido ser examinados; (2) se desconocía la cantidad de instrumentos públicos y testimonios legitimados por el licenciado Rivera Estrella al 2025; (3) el notario no había rendido los Informes Estadísticos de Actividad Notarial Anual correspondientes al 2021, 2022 y 2024 ni los Informes de Actividad Notarial Mensual de noviembre y diciembre de 2024, así como los de enero a marzo de 2025, y (4) el licenciado Rivera Estrella no había presentado evidencia acreditativa del pago de la fianza notarial para el año 2025-2026.

En consideración al patrón de desidia e incumplimiento del notario, el Director de la ODIN le solicitó a este Tribunal que: (1) ordenara la incautación preventiva de la obra protocolar del licenciado Rivera Estrella, incluyendo

su sello notarial; **(2) confiriera al notario un término de diez (10) días calendario para que expusiera las razones por las cuales no debíamos decretar su suspensión inmediata e indefinida del ejercicio de la notaría**; (3) ordenara al licenciado Rivera Estrella subsanar, en un término de sesenta (60) días laborables, las deficiencias que impiden la aprobación de la obra notarial, en particular la deficiencia arancelaria notificada y las concernidas con la rectificación y ratificación de diversos negocios jurídicos como, aquellos suscritos en documentos privados que deben ser instrumentados, y (4) apercibiera al notario que su incumplimiento con lo anterior podría conllevar el referido automático del presente asunto al proceso de desacato civil ante el Tribunal de Primera Instancia de San Juan.

Así las cosas, el 1 de mayo de 2025, este Tribunal emitió y notificó una *Resolución* en la cual concedió los remedios solicitados por la ODIN.[3] Sin embargo, el término de diez (10) días aludido transcurrió sin que el licenciado Rivera Estrella compareciera para exponer las razones por las cuales no debe ser suspendido inmediata e indefinidamente del ejercicio de la notaría.

---

[3] Se aclara que, se concedió un término final de sesenta (60) días -contado a partir de la notificación de la *Resolución*- para subsanar las deficiencias señaladas. De otra parte, tras el correspondiente *Mandamiento* emitido por el Secretario de este Tribunal, el sello y la obra notarial del Lcdo. Santos M. Rivera Estrella fueron incautados preventivamente el 5 de mayo de 2025.

Es, pues, a la luz del marco fáctico y procesal antes narrado que procedemos a disponer de este asunto sin un trámite ulterior.

## II

En el ejercicio de nuestra facultad disciplinaria, tenemos la obligación de procurar que los miembros de la profesión legal realicen sus funciones de manera responsable, competente y diligente. *In re* Santiago Ortiz, 2024 TSPR 127, 215 DPR __ (2024); *In re* Soto Peña, 213 DPR 663, 675 (2024); *In re* Rivera Justiniano, 212 DPR 385, 400-401 (2023).

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece que todos los miembros de la profesión legal "debe[n] observar para con los tribunales una conducta que se caracterice por el mayor respeto". De acuerdo con dicho mandato, hemos reiterado que los integrantes de la profesión legal tienen el deber de cumplir pronta y diligentemente con nuestros requerimientos y órdenes, pues su desatención constituye un serio desafío a nuestra autoridad. *In re* Galarza Colón, 2025 TSPR 40, 215 DPR __ (2025); *In re* Pérez Fernández, 213 DPR 950, 957 (2024); *In re* Malavé León, 211 DPR 971, 977 (2023).

Cónsono con lo anterior, hemos recalcado que ese deber se extiende a los requerimientos y exigencias de la ODIN. *In re* Pérez Fernández, *supra*; *In re* Malavé León, *supra*. Esto se debe a que los requerimientos de la ODIN son análogos a las órdenes emitidas por este Tribunal. *In re*

García Suárez, 213 DPR 1031, 1041 (2024); *In re* Pérez Fernández, *supra*. En ese sentido, asumir una actitud de indiferencia ante los requerimientos de nuestros organismos constituye una violación del Canon 9 del Código de Ética Profesional, *supra*. *In re* García Suárez, *supra*, pág. 1042.

Los notarios no pueden asumir una actitud pasiva y esperar a que la ODIN los contacte para corroborar que las deficiencias señaladas fueron corregidas adecuadamente. Íd., pág. 1041; *In re* Valenzuela Flores, 211 DPR 934, 940 (2023); *In re* Malavé León, *supra,* págs. 977-978. Todo lo contrario, cuando se identifican faltas en su obra notarial, los notarios tienen que coordinar con la ODIN las reuniones necesarias para completar el proceso de subsanación que corresponda. *In re* García Suárez, *supra*, pág. 1041; *In re* Valenzuela Flores, *supra*, pág. 940. Así pues, cuando los notarios ignoran los señalamientos de faltas, así como su corrección menoscaban el ejercicio del deber fiscalizador de la ODIN y transgreden su deber de respeto hacia los requerimientos de esta dependencia. *In re* García Suárez, *supra*, pág. 1042; *In re* Malavé León, *supra,* pág. 978.

## III

De los hechos reseñados se desprende que el notario ha incumplido, reiteradamente, con los requerimientos de la ODIN, a pesar de las múltiples oportunidades concedidas para subsanar las deficiencias arancelarias y sustantivas que impiden la aprobación de su obra protocolar y de los

Libros de Registro de Testimonios. La desidia y la falta de diligencia desplegada por el licenciado Rivera Estrella ante los mencionados requerimientos y las órdenes de este Tribunal reflejan una actitud de menosprecio e indiferencia a nuestra autoridad.

En fin, el patrón de incumplimiento manifestado por el notario denota su falta de compromiso y un patente desinterés en llevar a cabo los deberes impuestos por nuestro ordenamiento notarial. Además, constituye una infracción a lo dispuesto en el Canon 9 del Código de Ética Profesional, *supra*. Ante esta realidad, procede decretar su suspensión inmediata e indefinida del ejercicio de la notaría.

## IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Rivera Estrella del ejercicio de la notaría. En consecuencia, se le impone al licenciado Rivera Estrella el deber de notificar a todos sus clientes sobre su inhabilidad para prestar los servicios notariales contratados y devolverles tanto los expedientes como los honorarios recibidos por trabajos de índole notarial no realizados. De igual manera, tendrá que informar de su suspensión a cualquier agencia, entidad, foro judicial o administrativo en el que tenga algún asunto notarial pendiente. Deberá, además, acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No

hacerlo pudiera conllevar que no se le reinstale al ejercicio de la notaría, de solicitarlo en el futuro.

Por otro lado, se le recuerda al licenciado Rivera Estrella que, dentro del término de sesenta (60) días concedido en nuestra *Resolución* del 1 de mayo de 2025, deberá subsanar a sus expensas todas las deficiencias señaladas por la ODIN en el Informe del 28 de abril de 2025, las cuales impiden la aprobación de su obra protocolar, incluyendo las faltas relacionadas con los Volúmenes de los Libros de Registro de Testimonios. Dentro del referido término de sesenta (60) días, deberá presentar, además, los Informes Estadísticos de Actividad Notarial Anual del 2021, 2022 y 2024; los Informes de Actividad Notarial Mensual correspondientes a noviembre y diciembre de 2024 y de enero a abril de 2025, así como la evidencia acreditativa del pago de la fianza notarial para el periodo del 5 enero de 2025 al 5 de enero de 2026. Se apercibe al licenciado Rivera Estrella que su incumplimiento con este dictamen conllevará que se le refiera al Tribunal de Primera Instancia para que se inicie un procedimiento de desacato civil en su contra. Del mismo modo, de no subsanar la deuda arancelaria será referido al Departamento de Justicia para el trámite correspondiente.

Finalmente, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del licenciado Rivera Estrella queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su

terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Santos M. Rivera Estrella          TS-7809          Conducta
                                                    Profesional

SENTENCIA

En San Juan, Puerto Rico a 22 de mayo de 2025.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Santos M. Rivera Estrella (licenciado Rivera Estrella) del ejercicio de la notaría.

En consecuencia, se le impone al licenciado Rivera Estrella el deber de notificar a todos sus clientes sobre su inhabilidad para prestar los servicios notariales contratados y devolverles tanto los expedientes como los honorarios recibidos por trabajos de índole notarial no realizados. De igual manera, tendrá que informar de su suspensión a cualquier agencia, entidad, foro judicial o administrativo en el que tenga algún asunto notarial pendiente. Deberá, además, acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la notaría, de solicitarlo en el futuro.

Por otro lado, se le recuerda al licenciado Rivera Estrella que, dentro del término de sesenta (60) días concedido en nuestra *Resolución* del 1 de mayo de 2025, deberá subsanar a sus expensas todas las deficiencias señaladas por la Oficina de Inspección de Notarías en el *Informe especial sobre incumplimiento en la corrección de deficiencias notificadas y en solicitud de remedios* del 28 de abril de 2025, las cuales impiden la aprobación de su obra protocolar, incluyendo las faltas relacionadas con los Volúmenes de los Libros de Registro de Testimonios. Dentro del referido término de sesenta (60) días, deberá presentar, además, los Informes Estadísticos de Actividad Notarial Anual del 2021, 2022 y 2024; los Informes de Actividad Notarial Mensual correspondientes a noviembre y diciembre de 2024 y de enero a abril de 2025, así como la evidencia acreditativa del pago de la fianza notarial para el periodo del 5 enero de 2025 al 5 de enero de 2026. Se apercibe al licenciado Rivera Estrella que su incumplimiento con este dictamen conllevará que se le refiera al Tribunal de Primera Instancia para que se inicie un procedimiento de desacato civil en su contra. Del mismo modo, de no subsanar la deuda arancelaria será referido al Departamento de Justicia para el trámite correspondiente.

Finalmente, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del licenciado Rivera Estrella queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese por correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo