EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Juan Carlos Colón Rodríguez | 2026 TSPR 22 |
| | 217 DPR ___ |

Número del Caso:  TS-19,102


Fecha:  6 de marzo de 2026


Oficina de Inspección de Notarías:

Lcdo. Manuel E. Ávila De Jesús
Director


Representante legal del Sr. Juan Carlos Colón Rodríguez:

Lcdo. Gabriel Rubio Castro


Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por incumplimiento reiterado con los requerimientos de la Oficina de Inspección de Notarías y las órdenes del Tribunal Supremo.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan Carlos Colón Rodríguez     TS-19,102     Conducta Profesional

*PER CURIAM*

En San Juan, Puerto Rico, a 6 de marzo de 2026.

Nuevamente, nos vemos precisados a ejercer nuestra facultad disciplinaria para suspender al Lcdo. Juan Carlos Colón Rodríguez (licenciado Colón Rodríguez o notario) de manera inmediata e indefinida del ejercicio de la abogacía y la notaría por su reiterado incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN) y las órdenes de este Tribunal.

**I**

El licenciado Colón Rodríguez fue admitido al ejercicio de la abogacía el 11 de febrero de 2013 y prestó juramento como notario el 13 de junio de 2013.

El 1 de agosto de 2023, la Lcda. Nilda Emmanuelli Muñiz, Directora Auxiliar de la ODIN remitió al licenciado Colón Rodríguez una comunicación formal mediante la cual se notificó sobre el inicio del proceso de inspección de su obra protocolar.[1] De la referida comunicación se desprende que éste se realizaría en su sede notarial a partir del 15 de septiembre de 2023 y que estaría a cargo de la Lcda. Teresa Trujillo Ortiz, Inspectora de Protocolos y Notarías (Inspectora) y el Lcdo. José R. Santiago Rodríguez, Inspector de Protocolos y Notarías (Inspector) (en conjunto, Inspectores).

Mientras transcurría el proceso de inspección, el 22 de enero de 2024, el Lcdo. Manuel E. Ávila De Jesús (Director de la ODIN), presentó una *Moción en auxilio del Tribunal solicitando incautación preventiva de obra notarial.* En ésta informó que, durante el proceso de inspección del Registro de Testimonios del licenciado Colón Rodríguez, la Inspectora se percató que en los asientos de testimonios 27,762 y 27,885 había comparecido el Sr. Héctor L. Torres Vilá (señor Torres Vilá), abogado y notario en la región de San Juan, identificado con la licencia de conducir con número 176958 expedida por el Departamento de Transportación y Obras Públicas (DTOP), aunque había fallecido con anterioridad a la

---

[1] La obra protocolar que se encontraba pendiente de examen correspondía a los años naturales 2019 al 2022, incluyendo los volúmenes de los Libros de Registro de Testimonios. *Moción en auxilio del Tribunal solicitando incautación preventiva de obra notarial*, pág. 1.

legitimación de las firmas bajo juramento ocurridas el 10 de octubre de 2023 y el 11 de octubre de 2023.

A la luz de lo expuesto, el Director de la ODIN nos solicitó que ordenáramos la incautación preventiva de la obra protocolar y el sello notarial del licenciado Colón Rodríguez; concediéramos un término al notario para reaccionar a la situación informada y, en su momento, determináramos si procedía la suspensión de la notaría del licenciado Colón Rodríguez.

En vista de lo anterior, el 26 de enero de 2024 emitimos una *Resolución* en la que concedimos al licenciado Colón Rodríguez un término de diez (10) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría. Asimismo, ordenamos la incautación preventiva y entrega de su obra y sello notarial al Director de la ODIN para la correspondiente investigación.[2]

En atención a ello, el 12 de febrero de 2024 referimos el asunto sobre las irregularidades detectadas en la obra notarial del licenciado Colón Rodríguez a la Oficina del Procurador General de Puerto Rico (OPG) para la investigación e informe correspondiente.[3]

---

[2] Cabe señalar que la incautación preventiva de la obra protocolar abarcó los años naturales 2019 al 2024, incluyendo los volúmenes de los Libros de Registro de Testimonios. *Inventario de Instrumentos públicos*, págs. 1-2.

[3] El 29 de julio de 2025 el Procurador General de Puerto Rico (OPG) presentó su Informe. El 31 de octubre de 2025 emitimos una *Resolución* en la que ordenamos al Lcdo. Juan Carlos Colón Rodríguez (licenciado Colón Rodríguez o notario) que, en un término final de treinta (30) días, contado a partir de la notificación de la *Resolución*, se expresara en torno al Informe emitido por la OPG. Tras considerar que el licenciado Colón Rodríguez no compareció dentro del término concedido para exponer su posición en cuanto al aludido Informe, y luego de evaluar el expediente de la *Queja*, **el 10 de diciembre de 2025 emitimos una *Resolución* en la que**

Finalizado el proceso de examen de la obra notarial, el 10 de julio de 2024 el Director de la ODIN presentó un *Informe sobre el estado de obra notarial incautada* (Informe). En dicho Informe se indicó que los inspectores identificaron múltiples deficiencias en los instrumentos otorgados, así como deudas arancelarias pendientes en la obra notarial incautada. Por lo que, solicitó que concediéramos un término adicional al notario para culminar la subsanación de deficiencias.

Así pues, luego de varias extensiones de término otorgadas al licenciado Colón Rodríguez, el 31 de julio de 2025 emitimos una *Resolución* en la que concedimos al notario un término **final** de sesenta (60) días, contado a partir de su notificación,[4] para concluir los asuntos pendientes que impedían la aprobación de la obra notarial incautada.

El 25 de septiembre de 2025, el notario presentó una *Moción solicitando prórroga para subsanar [la] obra notarial* mediante la cual expresó confrontar dificultades para localizar ciertos comparecientes y poder completar el proceso de subsanación de la obra notarial pendiente. Ante ello, solicitó que otorgáramos un término adicional de sesenta (60) días para cumplir con nuestra *Resolución* del 31 de julio de 2025.

---

se ordenó a la OPG presentar una querella en contra del licenciado Colón Rodríguez. Actualmente, ambos procesos -la querella ante la OPG y la notificación de deficiencias de la obra protocolar por la Oficina de Inspección de Notarías (ODIN)- se desarrollan de manera paralela.

[4] El archivo en autos de copia de la *Resolución* fue el 1 de agosto de 2025.

Con el propósito de concederle una oportunidad al licenciado Colón Rodríguez, el 9 de octubre de 2025, el Director de la ODIN presentó una *Moción notificando estatus [del] proceso de subsanación [de la] obra notarial incautada y recomendando conferir término perentorio*. En síntesis, informó que, a pesar de haberse subsanado ciertos defectos, no adeudarse arancel alguno y aprobarse los Libros de Registro de Testimonios, aún subsistían deficiencias en la obra notarial correspondiente a los años 2019 al 2024. Por lo cual, solicitó que concediéramos al licenciado Colón Rodríguez un término final de cuarenta y cinco (45) días para culminar el proceso de subsanación de la obra protocolar.

Conforme a ello, el 31 de octubre de 2025 emitimos una *Resolución* para otorgar al licenciado Colón Rodríguez un término **final** de cuarenta y cinco (45) días, contado a partir de la notificación de nuestra *Resolución*,[5] para que subsanara las deficiencias señaladas por la ODIN, so pena de que el asunto fuera referido al Tribunal de Primera Instancia, Sala Superior de San Juan, para la celebración de un procedimiento de desacato civil. Asimismo, **apercibimos al notario que su incumplimiento con lo ordenado podría dar lugar a la imposición de sanciones disciplinarias severas, incluyendo la separación de la práctica de la profesión legal.**

Así las cosas, el 29 de diciembre de 2025, el Director de la ODIN, presentó una *Moción notificando estatus [del] proceso de subsanación [de la] obra notarial incautada y*

---

[5] El archivo en autos de copia de la *Resolución* fue el 3 de noviembre de 2025.

*recomendando referido.* En ésta informó que, tras vencer el término concedido en nuestra *Resolución* del 31 de octubre de 2025, persistían deficiencias en la obra notarial incautada.[6] En lo pertinente, indicó que, según la información provista por los Inspectores, el licenciado Colón Rodríguez subsanó ciertas deficiencias. No obstante, al presente subsistían nueve (9) instrumentos sin autorizar y tres (3) que no podían subsanarse, requiriéndose evidencia acreditativa por parte del notario. A tales efectos, la ODIN nos recomendó que el asunto fuera referido al Tribunal de Primera Instancia, Sala Superior de San Juan, para la celebración de un procedimiento de desacato civil. A su vez, nos sugirió que apercibamos al licenciado Colón Rodríguez que su incumplimiento podría acarrear sanciones disciplinarias mayores.

En vista de lo anterior, el 8 de enero de 2026 emitimos una *Resolución* en la que tomamos conocimiento de lo informado por la ODIN y, a su vez, concedimos al notario un término **final** de treinta (30) días, contado a partir de la notificación de la *Resolución*,[7] para subsanar las deficiencias

---

[6] En particular, la ODIN indicó que se aprobaron los volúmenes 10 al 17 del Libro de Registro de Testimonios, mientras que los volúmenes 18 al 25 estaban sujetos a investigación de la OPG. Además, señaló que el asunto relacionado con el Asiento de Testimonio Núm. 26,176 seguía sin resolverse. Por otra parte, informó que habían aprobado los tomos del Protocolo 2019 y 2020, aunque este último con deficiencias insubsanables. Añadió que la obra protocolar correspondiente a los años 2021 al 2024 permanecía sin aprobación por falta de autorización de múltiples instrumentos necesarios para ratificar ciertos negocios jurídicos celebrados, y que persistían nueve (9) instrumentos sin autorizar y tres (3) que no podrán subsanarse, requiriéndose evidencia acreditativa por parte del notario.

[7] El archivo en autos de copia de la *Resolución* fue el 8 de enero de 2026.

señaladas en su obra notarial, con el apercibimiento de que el asunto podría ser referido al Tribunal de Primera Instancia, Sala Superior de San Juan, para la celebración de un procedimiento de desacato civil en su contra. Además, **advertimos al licenciado Colón Rodríguez que su incumplimiento con lo anterior podría dar lugar a su separación de la práctica de la profesión legal.**

En consideración al patrón de desidia e incumplimiento del notario, el 9 de febrero de 2026, el Director de la ODIN presentó una *Moción notificando estatus [del] proceso de subsanación [de la] obra notarial incautada recomendando separación de la notaría* mediante la cual señaló que, a pesar del término adicional otorgado en nuestra *Resolución* del 8 de enero de 2026, el licenciado Colón Rodríguez no había completado el proceso de subsanación de la obra. En particular, informó que el estado de la subsanación no había cambiado desde la moción presentada el 29 de diciembre de 2025 y que aún existían deficiencias en la obra notarial incautada. A tales efectos, el Director de la ODIN reiteró su solicitud de que refiriéramos el asunto al Tribunal de Primera Instancia para que se iniciara un procedimiento de desacato civil en contra del notario y, además, decretáramos la suspensión del licenciado Colón Rodríguez del ejercicio de la notaría.

A la luz del marco fáctico y procesal expuesto, procedemos a disponer de este asunto sin trámite ulterior.

## II

En el ejercicio de nuestra facultad disciplinaria, estamos obligados a velar porque los miembros de la profesión legal lleven a cabo sus funciones de forma responsable, competente y diligente. *In re* Rádinson Caraballo, 2025 TSPR 71, 216 DPR __ (2025); *In re* Rivera Estrella, 2025 TSPR 59, 216 DPR __ (2025); *In re* Santiago Ortiz, 2024 TSPR 127, 215 DPR __ (2024); *In re* Soto Peña, 213 DPR 663, 675 (2024).

Cónsono con lo anterior, el Canon 9 del Código de Ética Profesional,[8] 4 LPRA Ap. IX (derogado), disponía que todos los miembros de la profesión legal "debe[n] observar para con los tribunales una conducta que se caracterice por el mayor respeto". Conforme a este mandato, hemos reiterado que los integrantes de la profesión legal tienen el deber de cumplir de manera pronta y diligente con nuestros requerimientos y órdenes, pues su incumplimiento representa un grave desafío a nuestra autoridad. *In re* Rivera Estrella, *supra*; *In re* Galarza Colón, 2025 TSPR 40, 215 DPR __ (2025); *In re* Pérez Fernández, 213 DPR 950, 957 (2024); *In re* Malavé León, 211 DPR 971, 977 (2023).

En armonía con lo anterior, hemos enfatizado "que dicho deber se extiende a los requerimientos y exigencias de la

---

[8] El Código de Ética Profesional, 4 LPRA Ap. IX *et seq.*, fue derogado por las actuales Reglas de Conducta Profesional de Puerto Rico, aprobadas el 17 de junio de 2025 mediante la *Resolución* ER-2025-02, las cuales entraron en vigor el 1 de enero de 2026. No obstante, debido a que los hechos relacionados a la conducta del licenciado Colón Rodríguez se desarrollaron a la luz del Código de Ética Profesional, aplicaremos este cuerpo reglamentario.

ODIN". *In re* Rivera Estrella, *supra*; *In re* Malavé León, *supra*. Véase, además, *In re* Pérez Fernández, *supra*, pág. 957. Lo anterior se debe a que las solicitudes y disposiciones de la ODIN son análogas a las órdenes emitidas por este Tribunal. *In re* Rivera Estrella, *supra*; *In re* García Suárez, 213 DPR 1031, 1041 (2024); *In re* Pérez Fernández, *supra*. Por ello, adoptar una actitud indiferente, tanto a las órdenes de este Tribunal, como a los requerimientos de nuestros organismos, constituye una violación al Canon 9 del Código de Ética Profesional, *supra*. *In re* Rivera Estrella, *supra*; *In re* García Suárez, *supra*, pág. 1042.

Hemos reiterado que los notarios no deben asumir una actitud pasiva ni esperar a ser contactados por la ODIN para verificar la corrección de las deficiencias señaladas. *In re* Rivera Estrella, *supra*; *In re* García Suárez, *supra*, pág. 1042; *In re* Valenzuela Flores, 211 DPR 934, 940 (2023); *In re* Malavé León, *supra,* págs. 977-978. Por el contrario, en cumplimiento del deber de atender los señalamientos de la ODIN, los notarios y las notarias están obligados a coordinar citas y subsanar las faltas en su obra notarial tan pronto sean señaladas. *In re* Rivera Estrella, *supra*; *In re* García Suárez, *supra*, pág. 1041; *In re* Valenzuela Flores, *supra*, pág. 940. Así las cosas, cuando los notarios desatienden los señalamientos de faltas y su corrección, obstaculizan el ejercicio del deber fiscalizador de la ODIN y vulneran su obligación de respeto hacia los requerimientos de esta dependencia. *In re* Rivera Estrella, *supra*;

*In re* García Suárez, *supra*, pág. 1042; *In re* Malavé León, *supra,* pág. 978.

III

Surge de los hechos reseñados que el licenciado Colón Rodríguez ha incumplido reiteradamente con los requerimientos de la ODIN y con las órdenes de este Tribunal, pese a las múltiples oportunidades concedidas para corregir las deficiencias sustantivas que impiden la aprobación de su obra protocolar correspondiente a los años 2019 al 2024. Han transcurrido más de siete (7) meses desde que se le otorgaron prórrogas finales, sin que el notario realizara gestión alguna, lo que evidencia un incumplimiento voluntario, reiterado y deliberado. La falta de diligencia mostrada por el licenciado Colón Rodríguez frente a dichos requerimientos y órdenes refleja una actitud de menosprecio e indiferencia a nuestra autoridad.

En definitiva, el patrón de incumplimiento manifestado por el notario denota su falta de compromiso y un marcado desinterés en cumplir con los deberes impuestos por nuestro ordenamiento notarial. Tal conducta constituye una infracción al Canon 9 del Código de Ética Profesional, *supra*. En consecuencia, procede decretar su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría. Asimismo, se refiere el asunto a un procedimiento de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan, por su incumplimiento con lo ordenado en nuestras *Resoluciones* del 31 de octubre de 2025 y el

8 de enero de 2026 referente a la subsanación de la obra protocolar incautada.

## IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del licenciado Colón Rodríguez del ejercicio de la abogacía y la notaría. En consecuencia, deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Además, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Por otro lado, en virtud de la suspensión inmediata e indefinida de la notaría, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para prestar los servicios notariales contratados y devolverles tanto los expedientes como los honorarios recibidos por trabajos de índole notarial no realizados. De igual manera, tendrá que informar de su suspensión a cualquier agencia, entidad, foro judicial o administrativo en el que tenga algún asunto de índole notarial pendiente. Deberá, además, acreditar y certificar ante este Tribunal el cumplimiento con lo anterior

dentro del término de treinta (30) días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la notaría, de solicitarlo en el futuro. La fianza que garantiza las funciones notariales del señor Colón Rodríguez queda automáticamente cancelada. Esta fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Por otra parte, se refiere al señor Colón Rodríguez a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan, por su incumplimiento con lo ordenado en nuestras *Resoluciones* del 31 de octubre de 2025 y el 8 de enero de 2026 referente a la subsanación de la obra protocolar incautada.

Finalmente, en vista de que estamos ordenando la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del señor Colón Rodríguez, se ordena el archivo administrativo del asunto ante la OPG pendiente de la presentación de la querella contra el promovido, según nuestra *Resolución* del 10 de diciembre de 2025, hasta tanto dispongamos otra cosa.

Se dictará Sentencia en conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Juan Carlos Colón Rodríguez                TS-19,102              Conducta
                                                                  Profesional

SENTENCIA

En San Juan, Puerto Rico a 6 de marzo de 2026.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Juan Carlos Colón Rodríguez (señor Colón Rodríguez) del ejercicio de la abogacía y la notaría.

En consecuencia, deberá notificar inmediatamente a todos sus clientes sobre su inhabilidad para continuar representándoles. Además, deberá devolver a sus clientes los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no realizados. De igual forma, deberá informar inmediatamente de su suspensión a cualquier foro judicial y administrativo en los que tenga algún asunto pendiente y acreditar a este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* y esta Sentencia. No hacerlo pudiera conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en el futuro.

Por otro lado, en virtud de la suspensión inmediata e indefinida de la notaría, se le impone al señor Colón Rodríguez el deber de notificar a

todos sus clientes sobre su inhabilidad para prestar los servicios notariales contratados y devolverles tanto los expedientes como los honorarios recibidos por trabajos de índole notarial no realizados.  De igual manera, tendrá que informar de su suspensión a cualquier agencia, entidad, foro judicial o administrativo en el que tenga algún asunto notarial pendiente. Deberá, además, acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, contado a partir de la notificación de la Opinión *Per Curiam* y esta Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la notaría, de solicitarlo en el futuro.

Por otra parte, se refiere al señor Colón Rodríguez a un proceso de desacato civil ante el Tribunal de Primera Instancia, Sala Superior de San Juan, por su incumplimiento con lo ordenado en nuestras *Resoluciones* del 31 de octubre de 2025 y el 8 de enero de 2026 referente a la subsanación de la obra protocolar incautada.

Finalmente, en vista de que estamos ordenando la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del señor Colón Rodríguez, se ordena el archivo administrativo del asunto ante la Oficina del Procurador General pendiente de la presentación de la querella contra el promovido, según nuestra *Resolución* del 10 de diciembre de 2025, hasta tanto dispongamos otra cosa.

Notifíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                                  Javier O. Sepúlveda Rodríguez
                                  Secretario del Tribunal Supremo